McQUEEN v. NEW et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

RECEIVER OF CORPORATION—ACTIONS—FRAUDULENT CONVEYANCES.

    Under Laws 1858, c. 314, § 2, providing that every person who shall, in fraud of creditors, have recovered, or in any manner interfered with, the property of an insolvent corporation, shall be liable to the receiver; and Laws 1892, c. 688, § 48, providing that every person receiving, by means of a fraudulent conveyance, any property of a corporation, shall be liable to account therefor to the trustee,—a general receiver of a corporation may maintain an action at law for the conversion of property received under a bill of sale which is void under the statute.

Action by John McQueen, as receiver, against Tobias New and others. Complaint dismissed, and plaintiff's motion for new trial on exceptions was ordered to be heard in the first instance in the appellate division. Motion granted.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry H. Whitman, for plaintiff.

Frank J. Mather and Edward M. Grout, for defendants.

O'BRIEN, J. By a final judgment, property of the Powerville Felt-Roofing Company, Limited, a domestic corporation, was sequestrated, and the plaintiff appointed permanent receiver of all its property, and he brings this action to recover goods and chattels which he alleges were wrongfully converted by the defendants. The latter, in their answer, claim title to the property under a bill of sale made by the corporation. This bill of sale, the plaintiff insisted, was void because given by an insolvent corporation in contravention of the statute. 2 Rev. St. (9th Ed.) p. 1022; Laws 1892, c. 688, § 48. Upon the opening the complaint was dismissed, the court below holding that the plaintiff had not brought the action in proper form, in that it should have been a suit in equity for an accounting, and not an action at law for conversion. It will be seen that the question presented upon the exception taken to the dismissal of the complaint relates, not to the cause of action itself, but to the remedy, and is narrowed down to a determination as to whether the ruling of the court below was right, that an action at law will not lie for the conversion of property received under an instrument which is void by statute. That a suit in equity, brought by a receiver of a corporation with respect to prop-

erty obtained at a time when the corporation was insolvent, in violation of statute, will lie, was expressly held by this court in Stiefel v. Novelty Co., 14 App. Div. 371, 43 N. Y. Supp. 1012. We did not state, however, that a suit in equity was an exclusive remedy; and prior to that case this court had held, in Stephens v. Britannia Co., 13 App. Div. 268, 43 N. Y. Supp. 226, that an action at law for conversion was proper against persons who had unlawfully taken possession of property of an insolvent corporation. That was an action brought by a receiver in supplemental proceedings to maintain conversion against the mortgagee and purchasers from him under a chattel mortgage, which, because not filed, was held to be void as to creditors. Upon appeal (160 N. Y. 178, 54 N. E. 781), it was held, reversing the decision of this court, that, as stated in the headnote of the case:

"A receiver in proceedings supplementary to execution has no power to maintain an action at law for property, or the proceeds of property, of the debtor, taken and sold by the mortgagee under a chattel mortgage made by the debtor, but which was neither filed when given nor accompanied by an immediate change of possession, where the taking and sale of the mortgaged property were consummated before the appointment of the receiver or the recovery of the judgment on which he was appointed, and at the time of the execution of the mortgage and of the sale the creditor represented by the receiver was a general creditor of the mortgagor, having no attachment or judgment. In such a case, the receiver's remedy is by an action in equity to set aside the transfer of the debtor's property, if it was in fraud of creditors."

An examination of the reasons given in the opinion in that case will show that it is not an authority for the proposition that a receiver of a corporation may not maintain such an action at law, but only for the proposition that a receiver in supplementary proceedings, whose rights are limited, cannot maintain an action at law for conversion. Thus, the learned judge writing the opinion for the court states:

"The receiver cannot bring an action at law for the taking of property formally transferred before the recovery of the judgment, because neither the judgment debtor nor the judgment creditor could have brought it. He can, however, by a bill in equity, remove any obstacle, such as a fraudulent transfer, which, until set aside, would prevent him from taking possession of the property, and thereupon sell it, and apply the proceeds upon the debt which he represents. If the property has been consumed, or for any reason cannot be identified or followed, he can, in the same action, compel those legally responsible to account for it, and to pay over the value thereof to the extent necessary to satisfy the debt or debts represented by him, as well as the costs and expenses. He cannot, however, uphold an action at law for the conversion of property transferred, even in fraud of creditors, before he was appointed receiver, because that is not 'the property of the judgment debtor,' within the meaning of section 2468 of the Code of Civil Procedure, which is the source of his power. Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002; Pettibone v. Drakeford, 37 Hun, 628. The title of the plaintiff is not strengthened, nor is his power increased, by the act of 1858, 'to declare and extend the powers of executors, assignees, receivers and other trustees' (Laws 1858, c. 314; Laws 1894, c. 740). While the language of the statute is general in form, it obviously includes only such trustees as take the entire estate for the benefit of all the creditors, whereas a receiver in supplementary proceedings represents simply the creditor who brought about his appointment, and such as caused the receivership to be extended to their claims, each of whom is entitled to payment in full in the order of diligence in instituting proceedings. Code Civ. Proc. §§ 2466, 2469. The object of the one statute is to secure the distribution of all the effects of an insolvent, without any preference except such as is required

by law; and of the other to simply collect the debts of a single creditor in full, and, if there is anything left, another creditor, by prompt action, may secure enough to pay his debt, and so on, in the order in which proceedings are begun. The legislature, by classifying certain receivers with executors and others, who take the entire estate for the benefit of all creditors, indicated an intention to include only such receivers as take all, for the benefit of all, and not those who take all or a part, as the case may be, for the benefit of one only,"—citing Bostwick v. Menck, 40 N. Y. 383.

The language of the opinion, it will thus be seen, clearly manifests a distinction between a receiver of a corporation who becomes vested with the entire property thereof and a receiver in supplementary proceedings; and instead of being authority against, is a decision in favor of, the right of a general receiver to maintain an action at law for the conversion of property fraudulently acquired from a corporation by a third person. While, therefore, the case of Stephens v. Britannia Co., supra, decided by this court, was reversed upon the ground that a receiver in supplementary proceedings could not maintain an action at law upon the facts therein presented, it is authority for the proposition that, where a statute declares a transfer void, no title passes, and an action for conversion lies against the transferee as if he were a stranger.

Section 1 of chapter 314 of the Laws of 1858 has been amended by chapter 487 of the Laws of 1889, and again by chapter 740 of the Laws of 1894; but it will be noticed that the purpose was to extend the scope of the remedy therein given to additional persons, and the amendments in no way limit the remedies allowed to receivers of insolvent corporations with respect to property unlawfully taken from them.

Our attention has been directed to the provisions of section 48 of the stock corporation law (chapter 688, Laws 1892), that "every person receiving, by means of any such prohibited act or deed, any property of a corporation, shall be bound to account therefor to its creditors or stockholders or other trustees"; and our conclusion is that it was not thereby intended to limit the remedy to a suit in equity for an accounting, for the words are susceptible of the inference that what is meant by, "shall be bound to account," is that an account should be rendered in a proper action. To interpret the statute differently would be inconsistent with chapter 314 of the Laws of 1858, which was not repealed by the stock corporation law. The former statute, by the second section, provides that every person who shall, in fraud of the rights of creditors, have received, taken, or in any manner interfered with, the property of any insolvent corporation, "shall be liable, in the proper action," to the receiver. Moreover, the stock corporation law, in a remedial statute, intended rather to extend than to restrict the remedies accorded to those to whom the right is given to wrest from the possessor property illegally taken from an insolvent corporation, and its language should not be narrowed or limited in its scope so as to lessen the remedies which are given by former statutes not repealed.

We think, therefore, that the exceptions should be sustained, and the motion for new trial granted, with costs to the plaintiff to abide the event. All concur.