H. G. WHEELER, *Appellant,* v. GEORGE MATTHEWS, AS RECEIVER OF THE WHEELER MERCANTILE COMPANY, *Appellee.*

## Opinion filed Nov. 17, 1915.

1. The assets of an insolvent corporation do not *ipso facto* become a trust estate as to which the corporation or its officers become the trustees and the creditors of the corporation the *cestuis que trustent* so that it may be administered as such by a court of equity. The assets of such corporation may be administered by a court of equity upon the theory that they belong to the creditors rather than to the corporation, only when the court of equity takes possession of them upon some recognized principle of equity jurisdiction.

2. Where the president of an insolvent corporation collects the assets of the corporation consisting of money due on certain fire insurance policies, accounts due to the corporation and money arising from the sale of goods damaged in a fire, and uses the money so collected to pay some creditors of the

corporation in full, others in part, and others nothing at all, such conduct on the part of the president does not of itself constitute fraud on his part, nor is it a spoliation of a trust fund.

3.  Where a bill in equity by the receiver of an insolvent corporation against the president seeks an accounting from him as the main relief and discovery as incidental thereto, shows on its face that before the appointment of the receiver the president used all the assets of the corporation collected by him to pay its creditors preferring some and not paying others, and shows no other ground for equitable interference, a general demurrer to the bill for lack of equity will be sustained.

4.  The court appointing a receiver for an insolvent corporation may upon proper application to it by the receiver require the corporation or its officers to turn over to him the papers, books and accounts in its or their possession belonging to the corporation.

Appeal from Circuit Court, Dade County; H. P. Branning, Judge.

Order reversed.

*Atkinson & Burdine* and *J. C. Granling,* for Appellant;

*A. J. Rose,* for Appellee.

ELLIS, J.—This is an appeal from an order made by the Judge of the Circuit Court for Dade County overruling a demurrer to a bill filed by the appellee here against H. G. Wheeler, for an accounting.

The amended bill of complaint alleges that the Wheeler Mercantile Company is a Florida corporation

and was organized in 1911, for the purpose of conduct-ing a general mercantile business at Ft. Lauderdale, Flor-ida. That in June, 1912, the entire stock of goods of the corporation was destroyed by fire; that before and at the time of the fire H. G. Wheeler was the president of the corporation, and after the fire proceeded to collect certain assets of the corporation, consisting of the insurance for which the stock of merchandise was insured, also certain accounts due the corporation, the money on deposit in bank and a sum of money from what was known as the salvage sale from the said fire, all of which sums of money so collected aggregating $18,563.47. It is al-leged that these sums of money were collected by Wheeler after the fire, "without warrant or authority from the board of directors and without any authority of any kind from said corporation." That at the time of the fire the corporation owed debts in excess of the total sum col-lected by Wheeler; that it was insolvent, unable to pay its debts in full and ceased to be a going concern. That the property owned by the corporation amounts in value to less than five hundred dollars and consists of an equity in a few lots in Ft. Lauderdale. That the corporation owes about $7,000.00 and the Receiver has no money or effects with which to pay the debts. That in February, 1913, the appellee was appointed Receiver of the corpor-ation. That Wheeler had paid out of the moneys col-lected by him certain creditors, and had paid on account various sums to other creditors, and had refused to pay the claims of a "large part of the creditors." That he had refused to make or render any accounting of the money collected after the fire or disposition of the same. That the Receiver did not know what creditors had been paid, or the amounts paid by Wheeler to them, and that

the Receiver had been authorized by the court appointing him to institute this action against Wheeler.

The bill prayed for accounting against Wheeler of the moneys collected by him after the fire, and what claims of creditors or others were paid by him and that he pay over to the Receiver such sums of money which may have been paid by him to any person who was not entitled to receive payment, and for general relief and subpoena.

To this bill the defendant Wheeler demurred, which demurrer was overruled, and Wheeler appealed from such order. The grounds of the demurrer argued here are that the bill does not state such a case as entitles the complainant to any discovery or relief from or against the defendant touching the matters contained in the bill, and that the Receiver has an adequate reemdy by petition to the court to require the defendant to surrender the assets in his hands.

It appears from the bill that the Reeciver was not appointed until about eight and a half months after the fire, during which time Wheeler was president of the corporation and collected the moneys and paid them out as alleged. No fraud is charged against him, nor is there any charge that any money was improperly paid by him to persons who were not entitled to receive the same.

From anything appearing to the contrary in the bill Wheeler as president of the corporation had collected the money and paid it to the creditors of the corporation before the Receiver was appointed. Even if he collected the money without authority of the Board of Directors, could the corporation complain that he paid it to its *bona fide* creditors?

The allegations of the bill are entirely consistent with the theory that after the fire the president of the corporation knowing that it intended to cease doing business, collected the moneys alleged to have been collected by him and paid it all out to the creditors of the corporation, paying some creditors in full, others in part and failing to pay still other creditors anything at all.

The allegations of the bill do not show any corrupt disposition of the corporation's assets by its president, nor any spoliation by him of a trust fund. The payment by the president of the corporation, under the circumstances alleged in the bill of some of its creditors in full and others in part does not constitute fraud on his part, nor is such conduct a violation of law.

While the officers of an insolvent corporation are referred to as trustees of the corporation's creditors in the case of Southern Life Insurance and Trust Co. v. Lanier, 5 Fla. 110, we do not conceive the meaning of the court to have been that the assets of an insolvent corporation become immediately upon its insolvency a trust fund or estate, as to which the corporation or its officers become the trustees and the creditors of the corporation the *cestuis que trustent* thereof. That by the mere act of becoming insolvent the assets of the corporation which were not charged with any trust before, were changed into a trust fund or estate for the benefit of the corporation's creditors, so that it may be administered as such by a court of equity. This doctrine, which is said to have orginated in a decision of Judge STORY in Wood v. Dummer, 3 Mason 308, Fed. Cas. 17,944, has never been adopted in this State. The assets of an insolvent corporation may not be distributed among the shareholders without first providing for the corporate debts. To this extent only it

may be said that the officers of an insolvent corporation are trustees of its creditors. When a court of chancery upon some recognized principle of equity jurisdiction takes possession of the insolvent corporation's assets it will administer them on the theory that in equity they belong to the creditors rather than to the corporation. Graham v. Railroad Company, 102 U. S. 148, 26 L. Ed. 106; Fogg v. Blair, 133 U. S. 534, text 541, 10 Sup. Ct. Rep. 338; Hospes v. North Western Manuf'g & Car Co., 48 Minn. 174, 50 N. W. Rep. 1117, 15 L. R. A. 470; O'Bear Jewelry Co. v. Volfer, 106 Ala. 205, 17 South. Rep. 525.

The allegations of the bill are not specific and clear as to the possession by the defendant of any assets of the corporation. The allegation that the defendant has "refused to pay the claims of a large part of the creditors" of the corporation, is entirely consistent with the idea that all the money collected by him was paid by him to the corporation's creditors.

The Receiver seeks information of the defendant as to the names of the creditors of the corporation whose claims were paid in full or in part, but this discovery is merely incidental to the main relief sought, which is an accounting, and to which the receiver is not entitled, because the money collected by the president does not appear to have been a trust fund that a court of equity would administer as such, nor that any part of such money is now in his hands, rather that it was not all expended by him in the payment of the creditors of the corporation before the appointment of the receiver. The court appointing the receiver may upon proper application to it direct the corporation or its officers to turn over to the Receiver all property, books, accounts and papers in their hands belonging to the corporation. Such sum-

mary proceeding would accomplish with little expense to the estate all that is sought by this proceeding. See Bellingham v. Palmer, 54 N. J. Eq. 136, 33 Atl. Rep. 199; Norwich and W. R. Co. v. Storey, 17 Conn. 364; 1 Cyc. 416-425; High on Receivers (4th ed.) 312-a.

We think the demurrer should have been sustained. The order of the court overruling the demurrer is therefore reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.