FRANCES B. GRAY, *Appellant,* v. STANDARD DREDGING COMPANY, et al., *Appellees.*

149 So. 733.
Division B.
Opinion filed March 14, 1933.
Re-hearing denied June 21, 1933.

*Smith & Cavanagh,* for Appellant;

*W. T. Stockton, Stockton, Ulmer & Murchison, Joseph Hartman, Fleming, Hamilton, Diver & Lichliter, W. L. Jones* and *J. Turner Butler,* for Appellees.

BUFORD, J.—The appeal in this case is from an order dismissing the bill of complaint as to the defendant Reliable Dredging Company and also from an order dismissing the amended bill of complaint as to all defendants. The salient facts as shown by the bill of complaint are:

That Standard Dredging Company was indebted to the plaintiff. That one George V. Greene was President of said company; that after the maturity of the obligation of Standard Dredging Company to the complainant, Greene withdrew from the checking account of Standard Dredging Company $2,500.00 in payment of salary due to Greene by Standard Dredging Company and thereafter used the same $2,500.00 as part payment in the purchase of a dredge for Reliable Dredging Company, a corporation, the title to which was taken in the name of the corporation, and that Greene was then the President of that corporation. That thereafter Reliable Dredging Company agreed to sell to the defendant Duval Engineering & Construction Co. and that company agreed to purchase the same dredge and the latter named company deposited $5,000.00 with Barnett National Bank to be delivered to Reliable Dredging Company as part payment of the dredge on the happening of certain unknown contingencies.

The bill alleges that the complainant has recovered a judgment against the defendant Standard Dredging Company in the sum of $14,505.11 together with $7.50 costs. The bill seeks a decree holding that there exists in favor of Standard Dredging Company and all of its creditors an equitable trust or lien upon the "Dredge Reliable," "and/or its proceeds to the extent of $2,500.00 and/or to the extent of the increase and profits thereof," and that the trust be enforced in favor of complainant.

The bill also contains alternative prayers of relief which we feel it is not necessary for us to discuss.

Greene was not made a party by the original bill of complaint, and while he was made a party to the amended bill of complaint, we are unable to discern why he was so included because the last paragraph of the amended bill of complaint is as follows:

"And as' to the defendant George V. Greene who has not heretofore been a party to this suit, your oratrix specifies that she seeks no direct relief, and that she does not require him to appear or to answer thereto."

There is but one theory upon which the complainant could hope to recover in this suit and that is upon the theory that the so-called trust fund doctrine applies in Florida and this Court has repeatedly held that it does not. See Wheeler v. Mathews, 70 Fla. 317, 70 So. 416; Guaranty Trust & Savings Bank v. U. S. Trust Co., 89 Fla. 324, 103 So. 620.

Inasmuch as the complainant has not seen fit to pray for any relief against the defendant Greene, we are not called upon to determine whether or not the complainant is entitled to have an accounting against Greene because of an alleged violation of Section 43 of Chapter 10096, Acts of 1925, now section 6569 C. G. L., and, therefore, we express no opinion in that regard.

The allegations of the bill presented no ground for equitable relief in behalf of the complainant against any other of the named defendants. Therefore, the orders appealed from should be affirmed and it is so ordered.

Affirmed.

Davis, C. J., and Whitfield, Terrell and Brown, J. J., concur.