FRANCES B. GRAY v. STANDARD DREDGING Co., *et al.*

149 So. 733.

(See 109 Fla. 87.)

Division B.

Opinion Filed June 21, 1933.

Extraordinary Petition for Rehearing Denied Aug. 1, 1933

*Smith & Cavanagh,* for Appellant;

*W. T. Stockton, Stockton, Ulmer & Merchison, Joseph Hartman, Fleming, Hamilton, Diver & Lichliter, W. L. Jones* and *J. Turner Butler,* for Appellees.

PER CURIAM.—This case is before us now on petition for rehearing on the opinion and judgment filed herein on March 14, 1933. In that opinion we said:

"There is but one theory upon which the complainant could hope to recover in this suit and that is upon the theory that the so-called trust fund doctrine applies in Florida and this Court has repeatedly held that it does not. See Wheeler v. Mathews, 70 Fla. 317, 70 Sou. 416; Guaranty Trust & Savings Bank v. U. S. Trust Co., 89 Fla. 324, 103 Sou. 620."

It is contended by the petitioner that Section 43 of Chapter 10096, Acts of 1925, being Section 6569 C. G. L. 1927, became the law of this State subsequent to the opinions cited above. That this provision of our statute was adopted from a like statute obtaining in the State of New York and that the decisions of the courts of final appellate jurisdiction in the State of New York construing the effect of that statute in New York are binding upon the Florida courts and were adopted with the passage of the Act as the proper constructions of such statute upon its becoming a law in this State. This theory is correct. Duval v. Hunt, 34 Fla. 85, 15 Sou. 876. It, therefore, follows that the trust-fund doctrine, as enunciated in New York in the cases of Cole v. Millerton Iron Co., 133 N. Y. 164, 30 N. E. 847, 28 Am. St. Rep. 615; and Caesar v. Bernard, 156 Ap. Div. 724, 141 N. Y. Sup. 659, 209 N. Y. 507, 103 N. E. 1122, obtains in Florida insofar as corporations organized under Chapter 10096 of the Acts of 1925 are concerned. See Sections 1 and 43 of Chapter 10096, being Sections 6527 and 6569 C. G. L. The corporation here involved was incorporated under this Act.

While the complainant in the court below attempted to invoke the provisions of this statute the allegations of the bill of complaint and of the amended bill of complaint are not sufficient to entitle her to the relief prayed, because of certain matters which were referred to in the original opinion, to-wit: In the original bill of complaint she failed to make Greene a party, while in the amended bill of complaint she named Greene as a party defendant but declared that she sought no relief against him and in terms eliminated him as a party to the suit by affirmatively stating "that she does not require him to appear or to answer" the bill of complaint. Therefore, while Greene's name appeared as a defendant he was not made a party upon whom

devolved the duty to defend nor who would be bound by decree. The bill shows upon its face that Greene is a necessary party to the suit and that without requiring him to respond therein and to abide the decrees which might properly be entered against him because of the alleged fraud committed by him, the suit could not properly be maintained against the other defendants.

Therefore, there was no error in the order of the court dismissing the amended bill of complaint.

The rehearing should be denied and it is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—I think the original judgment of affirmance should stand, and rehearing be denied, though not merely for the reason above stated, with reference to Greene not being required to appear and answer the amended bill. My view is that Section 6569 C. G. L. is applicable to this case, but for several reasons I very seriously doubt the sufficiency of the amended bill to show that the complainant was entitled to the relief prayed under Section 6569 C. G. L. as construed by the New York Courts.

### ON EXTRAORDINARY PETITION FOR REHEARING.

PER CURIAM.—Section 11 of Chapter 14658, Acts of 1931 (1931 Chancery Act), applies only to *nominal* parties. Where, by reason of the nature of the case, a party defendant as such in an equity suit, is in reality a necessary party, and not a mere nominal party, our holding is that an express statement in the bill undertaking to make an actually necessary party a nominal party only, is to be treated as the equivalent of an entire omission of the necessary party, and dealt with accordingly in the court's decree.

A material defect of parties may be noticed at any time, upon motion by counsel, or by the Court of its own motion. Swann & Holtsinger Co. v. Richardson, 78 Fla. 653, 83 Sou. Rep. 707. The practice just stated was followed in this case, and having been so followed, the decree dismissing the bill was of necessity affirmed.

The extraordinary petition for a rehearing is denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—I am inclined to the view that this Court has lost jurisdiction of this case under the principles laid down in Chapman v. St. Stephens Church, 138 So. 630, 637.