WIGGINTON, Judge.
This is an appeal from a summary final decree entered in favor of defendants Isa-dore J. Lykos and his wife, Patricia J. Ly-kos. It is contended that the evidence before the chancellor reveals genuine issues of material facts which may be resolved only on trial, and that defendants were not entitled to a final decree as a matter of law.
The suit is brought by a creditor who supplied to defendant Fiesta Homes, Inc., a Florida corporation, certain labor and materials used by the corporation in the construction of dwellings in Okaloosa County. The labor and materials were furnished between March and November, 1959. As a result the corporation became indebted to plaintiff in the sum of approximately $7,-000 for the recovery of which suit was instituted on March 27, 1961. That suit proceeded to final judgment in favor of plaintiff.
The complaint in this suit alleges that during the period of time that labor and materials were furnished to Fiesta Homes by plaintiff, and the debt therefor was contracted, the corporation was the owner of a certain described parcel of land in Okaloosa County. On June 29, 1959, Fiesta Homes entered into a written contract to convey the property in question to defendant Lykos, who at that time was the company’s building superintendent and a member of its board of directors. At the time the con *297 tract was entered into between the parties, Fiesta Homes was insolvent. The contract of purchase and sale recites the purchase price of the property to be $19,850 of which Lykos paid the sum of $3,350 upon execution, the receipt of which was acknowledged. On October 2, 1959, Fiesta Homes conveyed to Lykos the property in question for a consideration of $16,500. The purchaser Lykos did not pay to the corporation the initial sum of $3,350 as recited in the contract of purchase and sale. It was by collusion between the corporation and Lykos that the property described in the contract was ultimately conveyed to the latter, which conveyance constituted a fraud on the corporation’s creditors. The complaint prays that an equitable or vendor’s lien be granted plaintiff against the property conveyed to Lykos in the sum of $3,500 plus interest and costs.
Lykos filed an answer which constitutes a general denial of the material allegations of the complaint, and asserts the affirmative defenses of laches and estoppel. Lykos then moved for a summary decree in his favor on the issues made by the complaint and answer. This motion was supported by a copy of a deposition taken in a previous suit brought by Fiesta Homes against Ly-kos which involved the same transaction described in the complaint filed in this cause. Plaintiff filed an affidavit in opposition to defendant’s motion. Upon hearing the chancellor granted the motion and entered the summary final decree which is the subject of this appeal.
The principal question with which we are concerned is whether. from the pleadings, affidavits, depositions and other evidence before the chancellor there appears any genuine issue of a material, fact entitling plaintiff to a trial of his cause, or whether in the absence of such issue defendant is entitled to a final decree as a matter of law.
The statute which controls the rights of the parties in this proceeding is quoted below.[1] It is noted that the statute prohibits a corporation which has refused to pay any of its notes or other obligations when due from transferring any of its property to any of its officers, directors or stockholders, for the payment of any debt or upon any other consideration than the full value of the property paid in cash. The statute further provides that no conveyance of any such corporation when it is insolvent or insolvency is imminent, with the intent of giving a preference to any particular creditor of the corporation, shall be valid.
*298 It is plaintiff’s contention that the transfer of the property in question by Fiesta Homes to its director Lykos was made at a time when the corporation had refused to pay its obligations when due, and was made upon other consideration than the full value of the property paid in cash. In brief, appellant contends that the conveyance in question falls squarely within the prohibitions of the cited statute, and constitutes a fraud on plaintiff as a creditor of Fiesta Homes.
The deposition submitted by defendant Lykos in support of his motion for summary judgment contains sworn testimony given by him in previous litigation. In this deposition he testified that before the dwelling located on the property in question was completed, the president of Fiesta Homes agreed to sell it to Lykos for a purchase price equivalent to the cost of the lot plus the cost of construction, plus 10% of such cost. Lykos testified that such concession was offered to all employees of the construction company as a matter of general policy. He testified that the cost of the construction plus 10% thereof, in addition to the cost of the lot, amounted to $16,-500, which is the sum he eventually paid for the property. When questioned about the sale price recited in the contract of purchase in the amount of $19,850, Lykos testified that the difference of $3,350 between the recited sale price of the property, and the sum he actually paid therefor, represented a bonus for services rendered the corporation and constituted a gift or gratuity to him from the company. A careful review of this testimony indicates that Lykos had two different versions of the transaction by which he acquired property in question. It is difficult to ascertain just which version of the transaction represents the true facts. It is our view, however, that under either version of the facts as testified by Lykos, the court erred in entering the summary judgment appealed. If the difference between the amount actually paid by Lykos and the sale price of the property as recited in the contract of sale did represent a gift or gratuity to him by Fiesta Homes, it constituted an unlawful preference condemned by the statute. On trial the chancellor would be justified in accepting this testimony as representing the true facts of the transaction, and if so, he would be justified in entering a decree requiring Lykos to repay to the corporation the amount of this preference, alleged to be in the sum of $3,350. On the other hand, upon the trial of this cause the chancellor could find that the conveyance was for an agreed amount of $16,500, which represented the cost of the lot, the cost of the construction plus 10% thereof. If such is found to be true, it will then be necessary to determine whether the agreed purchase price constituted the full cash value of the property at the time of the conveyance. There is no evidence in the record before us which tends to establish this fact. In considering a transaction similar to the one here reviewed, and in construing the statute from which the present statute is derived, the Supreme Court interpreted the phrase “full value of the property paid in cash” to mean the market value of the property transferred as of the date the transfer was made.[2] If it is found that the fair market value of property conveyed to Lykos exceeded the amount paid by him therefor, then any excess would represent a preference which Lykos should be required to repay to the corporation for the benefit of its creditors. Such repayment is required by the terms of the statute hereinabove quoted which provides that the directors or officers of the corporation who shall violate or be concerned in violating any provisions of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss which creditors or stockholders may respectively sustain by such violation. This was the conclusion reached by the Supreme Court in Middleton, supra.[3] It was there recog *299 nized that the foregoing provision of the statute adopted as the law of this state the trust fund doctrine which imposes individual liability to creditors upon the corporation’s directors who, when the corporation is insolvent, accept conveyance of corporate property upon any other consideration than the full value of the property paid in cash.
Based upon the sworn deposition of Ly-kos which was before the chancellor at the time he considered the latter’s motion for summary decree we find there existed a genuine issue of a material fact which required denial of the motion and submission of the case for trial.
Appellee invites the court’s attention to his affirmative defenses of laches and estoppel. He suggests that the chancellor did not indicate on what ground the summary final decree was granted and he may well have reached his conclusion that on the pleadings, depositions and affidavits before him, plaintiff was precluded from seeking the relief prayed for in his complaint because of laches or estoppel. Our review of the record fails to indicate any evidence from which the chancellor could have reasonably concluded that plaintiff’s claim was barred on either of the mentioned grounds.
Appellant has also assigned as error the chancellor’s denial of his motion for summary final decree. For the reasons discussed above, there existed a genuine issue of a material fact both insofar as plaintiff’s right to recover is concerned, and also insofar as concerns the defenses interposed by defendant. The court therefore did not err in denying appellant’s motion.
For the reasons hereinabove set forth the decree appealed is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed.
CARROLL, DONALD K„ C. J., and STURGIS, J., concur.

. “608.55 Prohibited transfers to officers or stockholders; transfers after or in contemplation of insolvency
“No corporation which shall have refused to pay any of its notes or other obligations when due. nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid. Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders. No holder of stock not fully paid in any corporation shall transfer it to any person in contemplation of the corporation’s insolvency. Every transfer or assignment or other act done in violation of the foregoing provision of this section shall be void except in the hands of a purchaser for a valuable consideration without notice. The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation. Added Laws 1953, c. 28170, § 1.”

. Middleton v. Plantation Homes, (Fla.1954) 71 So.2d 503.

. See also Levine v. Johnson, (5th Ct.1961) 287 F.2d 623.