PER CURIAM.
Defendants below appeal from a final summary judgment for the plaintiffs in the principal sum of $5,316.95 with interest and costs.
The record on appeal indicates that the individual defendants below were officers and directors and shareholders in Southern Beverage of Palm Beach, Inc., “Palm Beach Southern” and in Southern Beverage, Inc., “Dade County Southern”. Palm Beach Southern and Dade County South- or about July 1, 1966 by selling all of its principal assets. At the time of the aforesaid sale, Palm Beach Southern was indebted to the plaintiff, Yoo Hoo, for goods sold and delivered. The sale of its assets netted Palm Beach Southern approximately $60,000.00. At that time the Palm Beach company was also heavily indebted to Dade County Southern, as well as to other creditors, including the plaintiff. The proceeds derived from the sale of the assets of Palm Beach Southern were transferred to Dade County Southern on or about July 1, 1966 and Palm Beach Southern was then dissolved. The plaintiff filed suit against Palm Beach Southern and recovered a final judgment on April 25, 1967. Discovery depositions of the individual defendants were taken in aid of execution. Subsequently, the plaintiffs sued the various defendants, alleging, inter alia, that the individual defendants, as officers and directors of Palm Beach Southern, had sold its assets and distributed the proceeds to defendant Dade County Southern at a time when other obligations existed and when Palm Beach Southern was insolvent or when insolvency was imminent. The complaint alleged that the transfer to Dade County Southern was with the intent to prefer it over other creditors in violation of Fla. Stat. § 608.55, F.S.A. The answer of the defendants admitted these facts generally, but denied that the defendants attempted to create a preference and alleged that there was no violation of the statute. The answer specifically admitted that Palm Beach Southern was insolvent or in imminent danger of insolvency at the time of the transfer, and also admitted the allegations with reference to the status of the individual defendants as officers, directors and shareholders of both Palm *466 Beach Southern and Dade County Southern. The trial court considered the depositions and the pleadings and granted a summary and final judgment to the plaintiffs below. The defendants have appealed therefrom.
The plaintiffs admit that they are attempting to hold the individual and corporate defendants liable on the grounds that a preference had been given to Dade County Southern (a creditor) at a time when the debtor, Palm Beach Southern was insolvent or in imminent danger of insolvency. Since the issue of insolvency was admitted in the answer, the sole question before the trial judge was whether the acts of the corporate defendant showed an intent to make a preference. See Alberts v. Schneiderman, Fla.App.1966, 182 So.2d 50.
The appellant contends that summary judgment was improper because a triable issue of fact had been created because one of the individual defendants, an officer of Palm Beach Southern, who had in fact executed the check for the assets from Palm Beach Southern to Dade County Southern, had denied in his deposition that he intended to create the preference. The record shows that in spite of the denial of an intent to create a preference, there was in truth and in fact a preference given to Dade County Southern over other creditors of Palm Beach Southern at that time, of which plaintiff was included. The transfer to Dade County Southern as creditor was of the entire sum received from the sale of the sole assets of Palm Beach Southern. Palm Beach Southern stopped operation as of the date of the transfer and was admittedly insolvent. There is no dispute that there were other creditors of the insolvent corporation who were not paid.
An issue of fact is not created by a simple denial of an intent to create a preference when the evidence is undisputed that such has actually been accomplished by the actions of the parties. The adage that “actions speak louder than words” is clearly applicable herein.
The appellant also seeks reversal on the grounds that if the plaintiffs were entitled to any judgments of liability under Fla.Stat. § 608.55, F.S.A., they were entitled only to a pro-rata share of the assets of Palm Beach Southern. The last sentence of Fla.Stat. § 608.55, F.S.A., provides:
‡ # £ ‡ ‡
“ * * * The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation.” (Emphasis added)
See Middleton v. Plantation Homes, Fla. 1954, 71 So.2d 503; American Mortgage & Safe Deposit Company v. Rubin, Fla.App.1964, 168 So.2d 777; and Garnett v. General Contractors and Builders, Inc., Fla.App.1962, 145 So.2d 295. To hold that persons who violate the aforesaid statute are only liable to judgment creditors in a pro-rata amount would create an impossible and intolerable burden on trial judges, and would place them in the capacity of referees in bankruptcy. It would mean that they would have to determine first the net assets of the insolvent corporation at the time of the preference, then determine the creditors of the insolvent corporation at the time of the alleged preference, and then grant a judgment of pro-rata liability to all the creditors, many of whom might not even be parties to the suit. We cannot conceive of the legislature having intended such a far reaching purpose, and, therefore, we deny the appellant’s claim for reversal on this point.
For the aforesaid reasons the summary judgment herein appealed be, and the same is hereby
Affirmed.