ROBERTS, Justice.
By conflict certiorari we review a decision of the District Court of Appeal, Third District, which affirmed a decision of the trial court awarding summary judgment in favor of respondent (plaintiff below) for payment in full of a claim against petitioners (defendants below) because of a violation of § 608.55, Fla.Stat., F.S.A., prohibiting the preferring of certain creditors by the officers and directors of a defunct corporation. See Blank et al. v. Yoo Hoo of Florida Corp., 213 So.2d 464. Because of conflict with Gray v. Standard Dredging Co., (1933), 109 Fla. 87, 111 Fla. 149, 149 So. 733, we have jurisdiction.
The historical and factual background are set forth in the opinion, of the District Court
“The record on appeal indicates that the individual defendants below were officers and directors and shareholders in Southern Beverage of Palm Beach, Inc., ‘Palm Beach Southern’ and in Southern Beverage, Inc., ‘Dade County Southern’. Palm Beach Southern terminated its business on or about July 1, 1966 by selling all of its principal assets. At the time of the aforesaid sale, Palm Beach Southern was indebted to the plaintiff, Yoo Hoo, for goods sold and delivered. The sale of its assets netted Palm Beach Southern approximately $60,000.00. At that time the Palm Beach company was also heavily indebted to Dade County Southern, as well as to other creditors, including the plaintiff. The proceeds derived from the sale of the assets of Palm Beach Southern were transferred to Dade County Southern on or about July 1, 1966 and Palm Beach Southern was then dissolved. The plaintiff filed suit against Palm Beach Southern and recovered a final judgment on April 25, 1967. Discovery depositions of the individual defendants were taken in aid of execution. Subsequently, the plaintiffs sued the various defendants, alleging, inter alia, that the individual defendants, as officers and directors of Palm Beach Southern, had sold its assets and distributed the proceeds to defendant Dade County Southern at a time when other obligations existed and when Palm Beach Southern was insolvent or when insolvency was imminent. The complaint alleged that the transfer to Dade County Southern was with the intent to prefer it over other creditors *422 in violation of Fla.Stat. § 608.55. The answer of the defendants admitted these facts generally, but denied that the defendants attempted to create a preference and alleged that there was no violation of the statute. The answer specifically admitted that Palm Beach Southern was insolvent or in imminent danger of insolvency at the time of the transfer, and also admitted the allegations with reference to the status of the individual defendants as officers, directors and shareholders of both Palm Beach Southern and Dade County Southern. The trial court considered the depositions and the pleadings and granted a summary and final judgments to the plaintiffs below. The defendants have appealed therefrom.
“The plaintiffs admit that they are attempting to hold the individual and corporate defendants liable on the grounds that a preference had been given to Dade County Southern (a creditor) at a time when the debtor, Palm Beach Southern was insolvent or in imminent danger of insolvency. * * * ”
Insolvency was admitted in the answer of petitioners and respondent admits that they are attempting to impose full liability for their total loss because of a violation of § 608.55, Fla.Stat., F.S.A. which prohibits the preference of one creditor over another by an insolvent corporation and then provides a penalty in this language:—
“ * * * The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and shareholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation.” (Emphasis added.)
We agree with the holding of the trial court as affirmed by the District Court that a violation occurred, which leads us to the controlling question involved here:—
“Whether damages to a judgment creditor under 608.55 are limited to the pro rata share it would have recovered if no preference had been made or whether it is entitled to preferential treatment?”
The Florida Legislature in 1925 first adopted § 608.55, Fla.Stat., F.S.A., such being patterned after a similar statute of the State of New York. It was discussed and construed in Gray v. Standard Dredging Company, supra, and the following language is significant and dispositive of the case, sub judice :—
“It is contended by the petitioner that section 43 of chapter 10096, Acts of 1925, being section 6569, C.G.L.1927, became the law of this state subsequent to the opinions cited above, that this provision of our statute was adopted from a like statute obtaining in the state of New York, and that the decisions of the courts of final appellate jurisdiction in the state of New York construing the effect of that statute in New York are binding upon the Florida courts and were adopted with the passage of the act as the proper constructions of such statute upon its becoming a law in this state. This theory is correct. Duval v. Hunt, 34 Fla. 85, 15 So. 876. It therefore follows that the trust fund doctrine, as enunciated in New York in the cases of Cole v. Millerton Iron Co., 133 N.Y. 164, 30 N.E. 847, 28 Am.St.Rep. 615, and Caesar v. Bernard, 156 App.Div. 724, 141 N.Y.S. 659, and Id., 209 N.Y. 570, 103 N.E. 1122, obtains in Florida in so far as corporations organized under chapter 10096 of the Acts of 1925 are concerned.” (Emphasis added.)
Also see Caesar v. Bernard (New York), 156 App.Div. 724, 141 N.Y.S. 659 et seq., in which the New York court said:—
“The Legislature manifestly intended to impose upon the directors and officers personal liability to creditors, not for the debts of the corporation, but so far as necessary to indemnify creditors ‘to the full extent of any loss’ sustained *423 through the violation of the statute, and to that extent only. If the corporation retained sufficient assets to discharge its obligations to creditors, the latter would sustain no loss. The loss would be presumptively, I think, the amount for which an execution duly issued could not be satisfied in consequence of the disposition of property in violation of the statute.
“The rule of strict construction applicable to highly penal statutes, such as one making directors personally liable for the debts of a corporation, without regard to its assets, or to whether or not the claim has been established against the corporation, for failing to file an annual report (Miller v. White, 50 N.Y. 137; Torbett v. Godwin, 62 Hun 407, 17 N.Y.S. 46; Chase v. Curtis, 113 U.S. 452, 5 S.Ct. 554, 28 L.Ed. 1038), should not be applied to this statute, which is remedial (McQueen v. New, 45 App.Div. 579, 61 N.Y.S. 464), and was designed to afford a remedy to creditors and stockholders for losses actually sustained by the acts of directors and officers of the corporation in their official capacity, or acts in which they participated while such directors or officers. The Legislature, by the section in question, extended the doctrine, administered by courts of chancery, that the assets of a corporation constitute a trust fund for the benefit of its creditors. Darcy v. Brookly & N. Y. Ferry Co., 196 N.Y. 99, 89 N.E. 461, 26 L.R.A., N.S., 267, 134 Am.St.Rep. 827; Cullen v. Friedland, 152 App.Div. 124, 136 N.Y.S. 659.”
The same reasoning is followed in other cases by the New York courts.
It was therefore error to hold the petitioners liable for the full amount of respondent’s claim, since the claimants are only entitled to recover a pro rata share with other creditors out of the fund improperly and illegally diverted by petitioners here who were the defendants below.
The decision under review is accordingly approved in part and disapproved in part, so it is
Quashed with directions for further proceedings not inconsistent with this opinion.
It is so ordered.
ERVIN, C. J., and DREW, ADKINS, BOYD and CALDWELL (Retired), JJ., concur.