358 So.2d 103 (1978)
RYDER TRUCK RENTAL, INC., a Florida Corporation, Appellant,
v.
MISSOURI BEEF PACKERS, INC., a Missouri Corporation, and/or Its Successor, M.B.P.X.L. Corporation, a Delaware Corporation, Appellees.
No. 77-570.
District Court of Appeal of Florida, Third District.
May 2, 1978.
Tworoger & Asher, Fort Lauderdale, for appellant.
Sandler & Sandler and Garry J. Alhalel, Miami, for appellees.
Before HAVERFIELD and PEARSON, JJ., and CHARLES CARROLL (Ret.) Associate Judge.
HAVERFIELD, Chief Judge.
Counterplaintiff, Ryder Truck Rental, Inc., appeals an adverse final judgment for counterdefendant, Missouri Meats, Inc., on its counterclaim in the nature of a creditor's bill. The facts giving rise to this action are as follows:
Counterdefendant-appellee, Missouri Meats, Inc., is a beef wholesaler which sold beef to Moore Meats, Inc., which in turn stored and packaged the beef at its facilities and distributed its products to its customers (restaurants, stores, etc.) with trucks leased from Ryder Truck Rental, Inc. Moore owned the parcel of land on 36th street on which was located the packaging plant. The cold storage facility was located on two parcels of land on 20th street; one of these parcels Moore owned in fee simple and the other it held under a 99 year lease. In 1973, Moore suffered business losses and became indebted to Missouri Meats, Inc., for more than $500,000. As a result, Missouri filed suit against Moore, which was *104 dismissed in August, 1973 when Moore secured its indebtedness to Missouri by executing in favor of Missouri a note and mortgage on the 20th street and 36th street parcels which it owned in fee simple. Business continued to deteriorate for Moore and in the spring of 1974 failed to make certain payments to Missouri due under the above 1973 note. Missouri threatened to foreclose and a settlement was reached whereby in lieu of foreclosure, Moore in June, 1974 deeded the 20th street parcel to Missouri and also assigned to it the 99 year lease on the adjacent parcel. The 36th street parcel also encumbered by the 1973 mortgage was released by Missouri and the mortgage was satisfied. The parties at the same time executed an agreement giving Moore an option to purchase the 20th street property for $300,000 by the payment of $3,000 per month for 6 months. In the fall of 1974 Moore received an open line of credit from Missouri in exchange for a note and mortgage in favor of Missouri on the 36th street parcel as collateral security and Missouri continued to make beef shipments to Moore. In February, 1975 Moore went out of business and left various creditors including Missouri and appellant Ryder unpaid. Subsequently, Moore deeded the 36th street parcel to Missouri in lieu of foreclosure. Also in February Moore instituted suit against Ryder for breach of their truck lease agreement. Ryder counterclaimed for the monies owed by Moore and also implied as a third party counterdefendant, Missouri, in seeking to set aside the above real property transfers from Moore to Missouri on the ground these transfers were made in violation of Section 608.55, Florida Statutes (1975) and therefore were valid.
"*608.55 Prohibited transfers to officers or stockholders; transfers after or in contemplation of insolvency.  No corporation which shall have refused to pay any of its notes or other obligations when due, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except as to any rights or interests which may be acquired thereunder by any person for a valuable consideration and without notice or reasonable cause to believe that such conveyance, assignment, transfer, payment, judgment, lien or security would effect a preference. Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders. No holder of stock not fully paid in any corporation shall transfer it to any person in contemplation of the corporation's insolvency. Every transfer or assignment or other act done in violation of the foregoing provision of this section shall be void except as hereinbefore provided. The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation." [Emphasis supplied]
Ryder's counterclaim against Missouri was tried non-jury and upon the evidence presented the trial court found no violation of this statute and declared all the transfers from Moore to Missouri to be valid and legal. Final judgment was entered for Missouri and Ryder perfected this appeal.
Ryder basically contends that Moore as early as August, 1973 was insolvent or about to become insolvent and the subsequent parcel transfers were made with the intent of giving a preference to Missouri and therefore invalid. We cannot agree.
*105 The test of insolvency under Section 608.55, Florida Statutes (1975) voiding certain preferential transfers made by an insolvent corporation is not whether the books show an excess of liability over assets, but rather whether the corporation has a general inability to answer in the course of business the liabilities existing and capable of being enforced. Williams v. American Crafts, Inc., 129 So.2d 165 (Fla. 3d DCA 1961); James Talcott, Inc. v. Crown Industries, Inc., 323 So.2d 311 (Fla. 2d DCA 1975). The "intent to prefer" is present only when payments are made in contemplation of insolvency and winding up of the business as an impending fact; conversely, such an intent is not present when such payments are made with the good faith intention of continuing in business. Freehling v. Michigan Repacking and Produce Company, 426 F.2d 989 (5th Cir.1970). Furthermore, whether an intent to prefer is present is a question of fact to be decided by the trier of the fact, the trial court in the present case. See Freehling, supra. Inherent in the findings of the trial court set out above is the determination that there was no showing of insolvency or imminent insolvency on the part of Moore or an intention to prefer one creditor over another. We find that the evidence reflected that Moore effected these transfers as part of a good faith effort to remain in business and in fact continued to stay in operation until February, 1975. There being competent substantial evidence to support the findings of the trial court, we will not disturb the judgment appealed.
Affirmed.