DAUKSCH, Judge.
Diamond International obtained a judgment and execution against SJH Enterprises and attempted to levy on its assets. When no assets were uncovered Diamond International sought to implead Stephen J. Hacker as the holder of property of the judgment debtor SJH Enterprises. Hacker is the sole shareholder and director of SJH Enterprises. A hearing to show cause was held and judgment was entered in favor of Hacker.
Diamond International urges that the trial court erred. We must agree. There is unrefuted evidence that Hacker transferred assets of SJH Enterprises to himself while the company was insolvent.
The evidence shows that SJH Enterprises, with Hacker as guarantor, borrowed $1.5 million on revolving credit from Southeast Bank in September 1982. Hacker and SJH Enterprises pledged their combined 70% interest in a joint venture known as Madison County Gas Gathering System as collateral to secure the loan. The loan documents stated that the pledged collateral had to have a minimum value of $2 million as determined by an outside, independent appraisal acceptable by the bank.
In February 1983, after acquiring the remaining 30% in Madison County Gas Gathering System, Hacker incorporated the joint venture into Pecos Pipeline & Producing Company. SJH Enterprises and Hacker were each issued 50% of the stock in Pecos Pipeline.
SJH Enterprises’ outstanding September 1982 loan at Southeast bank was refinanced on May 4, 1983. The refinancing consolidated SJH Enterprises’ $1.65 million debt, Hacker’s $350,000 personal debt and added $1 million to expand Pecos Pipeline. The $1 million was shown on Pecos Pipeline’s tax return as “additional paid-in-capital.”
On May 23, 1983, SJH Enterprises transferred all of its stock in Pecos Pipeline to Hacker to extinguish a $400,000 antecedent debt. At the time of transfer Hacker admitted SJH Enterprises was not able to pay its debts as they came due. In June 1984, Hacker sold Pecos Pipeline for $5.3 million.
Hacker’s defense that the stock had no value at the time of transfer is unsupported. The undisputed evidence was that the million dollars borrowed to expand Pecos Pipeline was shown as additional paid-in capital. Hacker transferred the stock shortly after that money was borrowed. Therefore the stock must have had some value.
*1091 SJH Enterprises was insolvent as it had a general inability to pay its debts as they became due in the ordinary course of business. Ryder Truck Rental, Inc. v. Missouri Beef Packers, Inc., 358 So.2d 103 (Fla. 3d DCA 1978). A creditor of an insolvent corporation has a common law cause of action against a director to whom the corporation paid a preexisting debt at a time when it was insolvent. Poe & Associates v. Emberton, 438 So.2d 1082 (Fla. 2d DCA 1983). An insolvent corporation cannot dispose of its assets in such a manner as to deprive its creditors of a fair and just distribution thereof. Scheiner v. Adamaco, Inc., 81 So.2d 205 (Fla.1955); Wheeler v. Matthews, 70 Fla. 317, 70 So. 416 (1915).
The transfer of the Pecos Pipeline stock to Hacker from SJH Enterprises was a preferential transfer and is voidable. To permit directors to use their fiduciary position and inside knowledge to obtain preferential treatment at the expense of third party creditors is manifestly unfair. The trial court erred by not allowing the im-pleader of Hacker and the decision must be reversed and this cause remanded to the circuit court for further proceedings in accordance with this decision.
REVERSED and REMANDED.
UPCHURCH and SHARP, JJ., concur.