PER CURIAM.
In this suit on a prior judgment, the trial court entered two final judgments for plaintiff/appellant Tomorrow Investments, Inc. which were inconsistent with each other. The first judgment, dated May 27, 1986, provided for plaintiff to recover $24,-527.85 from defendant/appellee Ernie
*1096 Friedman. The second judgment, dated May 28, 1986, also provided for plaintiff to recover from Friedman, however, the amount of the second judgment was only $2,141.10. In its first judgment, the court stated its findings and conclusions as follows:
This matter having come on before the Court for Trial and the Court being fully advised in the premises and the following findings of fact having been made:
1. That on July 6, 1983 a law suit seeking return of a deposit on a townhouse unit to be built by SHORE HOMES, INC., was commenced by TOMORROW INVESTMENTS, INC., in the Circuit Court for Dade County, Docket No.: 83-23855(13).
2. At all times pertinent hereto Defendant ERNIE FRIEDMAN was the President, sole director and the sole stockholder of the Defendant SHORE HOMES, INC.
3. That Defendant ERNIE FRIEDMAN had full knowledge of the law suit entered by Plaintiff on July 6, 1983 and was aware of Plaintiff’s claim for $15,-500.00 against SHORE HOMES, INC.
4. That on March 28, 1984, ERNIE FRIEDMAN, as President of SHORE HOMES, INC. caused a note and mortgage on real estate from one HARRY BERGER to be assigned to himself as partial repayment of a preexisting loan due him personally from SHORE HOMES, INC. The balance due from the mortgagor at that time was $30,-000.00. Defendant corporation at that time and at all times hereafter was insolvent.
5. That on September 20, 1984, in Case No.: 83-23855, a Motion for Summary Judgment against Defendant SHORE HOMES, INC. was heard and on September 28, 1984 a Final Summary Judgment was entered awarding Plaintiff $15,500.00 plus interest, costs and attorney’s fees.
6. That on September 26, 1984, with knowledge that a Motion for Summary Judgment had been granted against Defendant SHORE HOMES, INC., Defendant Ernie Friedman caused Townhouse Unit 101 to be conveyed to himself. The consideration for said transfer was $135,000.00 The purported consideration for this transfer was an alleged pre-exist-ing [debt] to Defendant ERNIE FRIEDMAN. However, no documentary evidence supporting claimed indebtedness from SHORE HOMES, INC., to ERNIE FRIEDMAN was offered by Defendant. Defendant ERNIE FRIEDMAN testified that this was the sole asset of the Corporation and he transferred it to himself in winding down the affairs of the corporation and in liquidation thereof. The Court finds, however, that at that time the Defendant SHORE HOMES, INC., was indebted to Plaintiff in the sum of $15,500.00 and that no provision was made for payment of this debt. Instead, Defendant ERNIE FRIEDMAN, with full knowledge of this indebtedness transferred the Defendant Corporation’s sole asset to himself in detriment to Plaintiff’s claim and in protection of his own claim at a time when he owed a fiduciary duty to see to the payment of Plaintiff’s claim.
7. That on June 27, 1985 a Judgment in Dade County Circuit Court, Case No.: 83-23855 was entered against SHORE HOMES, INC. in the sum of $22,052.20 and that interest on said Judgment has accrued at 12% to date in the sum of $2,218.50 or a total sum due of $24,-270.70.
8. That Florida Statutes 607.144 applies to the facts herein and as a matter of law Defendant ERNIE FRIEDMAN is liable to Plaintiff TOMORROW INVESTMENTS, INC. to the extent of the value of the assets received by him from the Defendant Corporation SHORE HOMES, INC.
9. That Defendant ERNIE FRIEDMAN on February 25, 1986 sold Townhouse Unit 101 for $141,000.00 and also in 1986 received full payment of the balance due on the “BERGER” mortgage.
10. That the value of the property received by ERNIE FRIEDMAN exceeds the amount due Plaintiff.
ACCORDINGLY it is ORDERED and ADJUDGED
1. Plaintiff TOMORROW INVESTMENTS, INC., recover from Defendant
*1097 ERNIE FRIEDMAN the sum of $24,-270.70, with costs in the sum of $257.15, making a total due of $24,527.85, for which let execution issue.
2. The Court reserves jurisdiction to consider the award of attorney’s fees.
The second judgment awarding plaintiff the sum of $2,141.10 was entered on May 28, 1986, and contained no findings of fact or conclusions of law. Subsequently, and pursuant to appellees’ motion, the court entered an order vacating and striking the May 27,1986 final judgment and reconfirming the May 28, 1986 final judgment.
Appellant contends that the court erred in vacating the May 27, 1986 judgment. We agree. While the May 27, 1986 judgment contains findings which are consistent with the pleadings, law of the case, and evidence at trial, the May 28, 1986 order— in which the court prorated the distribution of assets between the parties — is inconsistent with both the evidence presented and the law of this case. See Diamond Intern. Corp. v. SJH Enterprises, Inc., 487 So.2d 1089 (Fla. 5th DCA 1986) (to permit directors to use their fiduciary positions and inside knowledge at the expense of third parties is manifestly unfair); Ryder Truck Rental, Inc. v. Missouri Beef Packers, Inc., 358 So.2d 103 (Fla. 3d DCA 1978) (conveyance by corporation, its officer, director, or stockholder is invalid when corporation is insolvent or insolvency is imminent, if intent is to give a preference to one creditor over others); James Talcott, Inc. v. Crown Industries, 323 So.2d 311 (Fla. 2d DCA 1975) (intent to give a preference exists as a matter of law where there is no good faith intent to continue business).
Plaintiff is entitled to the full amount of $24,527.85. Accordingly, the judgment appealed from is reversed, and the cause is remanded with directions to the trial court to enter judgment consistent with this opinion.
Reversed and remanded.