175 So.2d 787 (1965)
Marcus B. BERGH, Appellant,
v.
Hinson L. STEPHENS, Appellee.
No. G-204.
District Court of Appeal of Florida. First District.
May 25, 1965.
Rehearing Denied June 22, 1965.
Reinstine, Reinstine & Panken, Jacksonville, for appellant.
Kurz, Toole, Maness & Martin, Jacksonville, for appellee.
*788 CARROLL, DONALD K., Judge.
The defendant in a suit for a declaratory decree has taken this interlocutory appeal from a summary decree entered by the Circuit Court for Clay County declaring void a restrictive covenant in a professional employment contract.
The correctness of this declaration is the question for determination in this appeal.
The plaintiff and the defendant, residents of Orange Park, Clay County, Florida, are both licensed physicians and surgeons engaged in the practice of their profession in Orange Park, the defendant making his principal office at a facility in Orange Park known as the Pureal Hospital. From July 1, 1961, until on or about August 6, 1964, the plaintiff was employed by the defendant in the practice of medicine at the said hospital under certain written employment contracts. On the latter date the plaintiff ceased to perform his duties and responsibilities because of what the plaintiff alleges to be the breaches of the contracts by the employer.
The provision of the said contracts concerning which the plaintiff seeks a declaration provides as follows:
"I will not upon completion of this association engage in competitive practice of medicine for a period of five years within a distance of ten miles of the Pureal Hospital."
The plaintiff's complaint is in three counts. In Count I he claims damages against the defendant for breach of contract. Count II sounds in tort for malicious interference with the plaintiff's rights under the contracts. In Count III, which is an action for a declaratory decree pursuant to Chapter 87, Florida Statutes, F.S.A., the plaintiff seeks a declaration of his rights to engage in the practice of medicine in Orange Park, Green Cove Springs, both in the said Clay County, or elsewhere. The court granted the defendant's motion to dismiss Count II but denied his motion to dismiss Counts I and III. After the defendant filed his answer and counterclaim to Counts I and III, the plaintiff filed a motion for a summary final judgment as to Count III of his complaint, pursuant to Rule 1.36 of the Florida Rules of Civil Procedure, 30 F.S.A., on the ground that the pleadings, together with an affidavit of the plaintiff, affirmatively show that there is no genuine issue as to any material fact and that he is entitled to a judgment declaring that the said contracts are each void under the provisions of Section 542.12, Florida Statutes, F.S.A., insofar as they "attempt to prohibit or restrain the plaintiff from exercising his lawful profession as a medical doctor and that plaintiff is free to pursue the practice of medicine at any time or place in or out of Clay County," notwithstanding the provisions of the said contracts.
In the decree appealed from herein the court granted the plaintiff's said motion for summary judgment as to Count III, granted "a Summary Judgment, interlocutory in character, on plaintiff's said motion," and held that the restrictive provisions of the said contracts "are, to that extent only, hereby declared null and void and of no effect under the provisions of Section 542.12, Florida Statutes." In the said decree the court also ruled that the issues raised by Count I of the plaintiff's complaint and the defendant's answer, "shall be tried and disposed of without regard to the Summary Decree herein granted as to Count III."
Section 542.12, Florida Statutes, F.S.A., which was enacted by the Legislature as Sections 1 through 4, inclusive, of Chapter 28048, Laws of Florida, Acts of 1953, provides as follows:
"Contracts in restraint of trade invalid; exceptions. 
"(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsection (2) and (3) hereof, is to that extent void.

*789 "(2) One who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the good will from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction.
"(3) Partners may, upon or in anticipation of a dissolution of the partnership, agree that all or some of them will not carry on a similar business within a reasonably limited time and area.
"(4) This section does not apply to any litigation which may be pending, or to any cause of action which may have accrued, prior to May 27, 1953."
The restrictive provisions in the contracts between the plaintiff and the defendant in the case at bar fall squarely within the class of contracts declared by subsection (1) of the just-quoted statute to be "to that extent void," unless those contracts come within the exceptions described in subsections (2) and (3). Since those contracts cannot qualify as among the partnership contracts contemplated in subsection (3), the conclusion is inevitable that those contracts are void to the extent of the restrictive provisions unless those contracts are held to fall in the exceptional contracts described in subsection (2).
In our opinion, the restrictive provisions in the said contracts, purporting to restrict the plaintiff from engaging in the "competitive practice of medicine for a period of five years within a distance of ten miles of the Pureal Hospital," are null and void under subsection (1) of Section 542.12 and are not excepted from the effect of that subsection by virtue of either subsection (2) or subsection (3).
The main contention of the appellant in its appellate brief, however, is that the "restrictive covenant contained in the employment contract here falls squarely within" the following exception in subsection (2) of Section 542.12:
"* * * one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area * * *." (Emphasis added in appellant's brief).
The appellant concedes, of course, that subsection (2) does not expressly mention the word "profession" but contends that the word "business" as used therein "has a definite meaning, which applies here although we professional people do not like it said that we are in business." We agree with the thought in the last clause, but we do not think that the vital distinction between a profession and a business can be so easily disposed of.
It will be noted in Section 542.12, quoted above, that subsection (1) thereof declares void any contractual provision by which anyone is restrained from exercising "a lawful profession, trade or business of any kind," other than as is provided by subsections (2) and (3). On the other hand, subsection (2) mentions the word "business" three times but does not once mention the word "profession" or, for that matter, the word "trade." The portion of that subsection relied on by the appellant here is expressly connected with the operation of a business  such portion providing that an employee may, under certain specified circumstances, agree with his employer "to refrain from carrying on or engaging in a similar business * * *."
*790 Inasmuch as subsection (1) of Section 542.12 is made expressly applicable to a lawful "profession, trade or business" and subsection (2) thereof mentions only the word "business" in referring to the occupation to which the exception applies, we must construe the said statutory provisions with the aid of the cardinal rule of statutory construction traditionally referred to as "expressio unius est exclusio alterius." This rule has been invoked and applied by Florida courts in many decisions, including Dobbs v. Sea Isle Hotel, 56 So.2d 341 (1952), in which the Supreme Court of Florida explained the said rule as follows:
"We have oft-times held that the rule `Expressio unius est exclusio alterius' is applicable in connection with statutory construction. This maxim, which translated from the Latin means: express mention of one thing is the exclusion of another, is definitely controlling in this case."
In that case the Supreme Court was considering a statute providing for an exception to the statute of limitations applicable to workmen's compensation claims. Applying the above-mentioned rule of statutory construction, the Supreme Court said:
"The legislature made one exception to the precise language of the statute of limitations. We apprehend that had the legislature intended to establish other exceptions it would have done so clearly and unequivocally. We must assume that it thoroughly considered and purposely preempted the field of exceptions to, and possible reasons for tolling, the statute. We cannot write into the law any other exception, nor can we create by judicial fiat a reason, or reasons, for tolling the statute since the legislature dealt with such topic and thereby foreclosed judicial enlargement thereof."
Upon the same reasoning we hold in the present appeal that the Legislature's express mention of business above in subsection (2) of Section 542.12 is the exclusion of profession, as well as trade, which two terms are linked with business in subsection (1) in the enumeration of the occupations covered by the said subsection (1), unless provision is otherwise made in subsections (2) and (3). This construction is made more logical and natural by considering the fact that the Legislature enacted subsections (1) and (2) of Section 542.12 at the same time (both being provisions in Chapter 28048, Laws of Florida, Acts of 1953), so that the Legislature, by omitting from subsection (2) the word "profession," which had been a key word in subsection (1), clearly intended to omit contracts restraining the exercise of a profession from the effect of subsection (2).
There is no need here for us to add to the vast wealth of judicial pronouncements concerning the vital distinctions between a profession and a business. One of the most penetrating delineations we have read concerning those distinctions is found in the following words of the late Dean Roscoe Pound in his "The Lawyer from Antiquity to Modern Times," (1953), pages 5 and 6:
"There is much more in a profession than a traditionally dignified calling. The term refers to a group of men pursuing a learned art as a common calling in the spirit of a public service  no less a public service because it may incidentally be a means of livelihood. Pursuit of the learned art in the spirit of a public service is the primary purpose. Gaining a livelihood is incidental, whereas in a business or trade it is the entire purpose. * * *"
Another vivid description of the distinction between a profession and a business may be found in the opinion of the Supreme Court of Florida written by the late Justice Terrell in State v. Murrell, 74 So.2d 221 (1954), especially pages 222 through 224. Numerous decisions from other jurisdictions have been collated in Words and Phrases describing the said vital distinctions.
*791 Like the legal profession, the medical profession has for centuries been regarded and adjudicated to be a great and noble profession, as distinguished from a business, and it is so today.
In the case at bar the restrictive provision in the contracts between the plaintiff and the defendant purports to restrain the plaintiff from exercising the lawful profession of medicine, hence the said contracts are void to such extent under Section 542.12, Florida Statutes, F.S.A., and so the chancellor in the summary decree appealed from herein properly so ruled. That decree, therefore, should be and it is
Affirmed.
WIGGINTON, Acting Chief Judge, and RAWLS, J., concur.