QUESTION: Are ambulance drivers of a volunteer fire department authorized to use or display red lights on privately owned vehicles while responding to the scene of a call?
SUMMARY: Section 316.292, F. S., does not authorize ambulance drivers of a volunteer fire department to use or display red lights on their privately owned vehicles while responding to the scene of a call. Your question is answered in the negative. Section 316.223, F. S., provides: (1) No person shall drive or move or cause to be moved any vehicle or equipment upon any highway within this state with any lamp or device thereon showing or displaying a red or blue light visible from directly in front thereof except for certain vehicles hereinafter provided. * * * * * (3) Vehicles of the fire department, fire patrol, including vehicles of volunteer firemen as permitted under s. 316.292, and ambulances as authorized under this chapter are permitted to show or display red lights. . . . Section 316.292, F. S., provides: (1) Privately owned vehicles belonging to the active firemen members of regularly organized volunteer firefighting companies or associations, while en route to scenes of fires or other emergencies in the line of duty as active firemen members of regularly organized firefighting companies or associations may display or use red lights visible from the front and from the rear of such vehicles . . . . * * * * * (2) It is unlawful for any person who is not an active fireman member of a regularly organized volunteer firefighting company or association to display on any motor vehicle owned by him, at any time, red lights as described above. (Emphasis supplied.) From the foregoing statutory provisions it is clear that only active firemen members of regularly organized volunteer firefighting companies or associations are authorized to use or display red lights on privately owned vehicles while en route to the scene of a fire or other emergencies in the line of duty as active firemen members of such volunteer companies. The prohibition against anyone but active firemen members of regularly organized volunteer firefighting companies or associations using or displaying red lights on their motor vehicles is so plain and unambiguous that no room is left for a construction or interpretation that departs from the plain language employed by the Legislature. State ex rel. Florida Jai-Alai, Inc. v. State Racing Commission, 112 So.2d 825
(Fla. 1959). Moreover, it is a wellsettled rule of statutory construction that when a statute enumerates the things on which it is to operate or forbids certain things, it must be deemed to exclude from its operation all things not expressly mentioned therein. Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lake Estates, Inc. v. Snyder, 304 So.2d 433
(Fla. 1973). A corollary principle of construction is that the mention of one thing within a statute implies the exclusion of another. Mitchell v. Cotten, 3 Fla. 134 (1850); Peeples v. State,35 So. 223 (Fla. 1903); Bergh v. Stephens, 175 So.2d 787 (1 D.C.A., Fla., 1965).