(174 App. Div. 242)

### KEMP v. ABLE REALTY MAINTENANCE CO., Inc., et al.

(Supreme Court, Appellate Division, First Department.    October 20, 1916.)

1. **FRAUDULENT CONVEYANCES** ⊜⇒308(6)—**INSOLVENCY**—**PREFERENCES**—**QUESTION OF FACT.**

In an action to set aside an alleged fraudulent transfer of accounts, whether the transfer was attended by fraud by reason of full knowledge of all the facts at the time by the transferee company or its officers was a question of fact to be established on trial.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 932; Dec. Dig. ⊜⇒308(6).]

2. **CORPORATIONS** ⊜⇒544(5)—**TRANSFER BY INSOLVENT CORPORATION.**

Under Stock Corporation Law (Consol. Laws, c. 59) § 66, making invalid any conveyance, etc., by any such corporation while insolvent to prefer any particular creditor, where a realty company, while insolvent, on the day of trial against it of an action in which plaintiff secured judgment, transferred to a trading company accounts worth $847.49, due in eleven days and apparently good, for the value of $630.63, part being the cancellation of a note for $300 owing by the realty company to the trading company, the transfer was voidable so far as in payment of the note.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2165; Dec. Dig. ⊜⇒544(5).]

3. **CORPORATIONS** ⊜⇒547(4)—**INSOLVENCY**—**PREFERENCES.**

In an action by the creditor of an insolvent realty company to set aside its transfer of accounts to a trading company, a prima facie case is made for plaintiff by a showing that the trading company gave only the value of $630.63 for the accounts, worth $847.49, while the attorney for the realty company, its incorporator and an officer, was also a stockholder in the trading company and its attorney.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2181; Dec. Dig. ⊜⇒547(4).]

Appeal from Special Term, New York County.

Action by Peter G. Kemp against the Able Realty Maintenance Company, Incorporated, and the B. & F. Trading Company, Incorporated. From an order denying his motion to continue a preliminary injunction restraining the last-named defendant from realizing upon accounts pending action, plaintiff appeals. Order reversed, and injunction granted upon plaintiff's giving an undertaking.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

William C. Relyea, of New York City, for appellant.
Edward Cahn, of New York City, for respondents.

SMITH, J. Upon June 20, 1916, plaintiff recovered a verdict in the City Court after a trial against the defendant the Able Realty Maintenance Company, Inc., for $829.45. Upon the same day this company sold to the other defendant above named all its interest in and to certain accounts to become due on July 1st. The defendant Realty Company at the time of the transfer was absolutely insolvent. The consideration claimed by the defendants to have passed for the transfer of these accounts was: First, the cancellation of a note owing by

the realty company to the trading company for $300; and, secondly, $330.63 in cash. It thus appears at the most that value of $630.63 has been given for accounts worth $847.49 due in eleven days and all apparently good.

The judgment debtor has been examined in proceedings supplementary to execution, and upon that examination it appears that the only assets of the realty company on June 20th were the several accounts assigned. It also appears that Mr. Charles Liebling, an attorney, who appeared and tried the case of the plaintiff against the realty company, for the latter, was the incorporator of the realty company and an officer of it. He was also a stockholder of the trading company, and its attorney. The complaint in the action now brought is to set aside as without consideration and as fraudulent and void as to the plaintiff the assignment of the accounts above mentioned. A receiver is asked for, and it is also asked that the defendants above named be enjoined and restrained from in any manner collecting or disposing of the accounts so assigned or the moneys due thereupon.

[1, 2] The opposing affidavits deny the transfer in question was attended by fraud, by reason of full knowledge of all the facts at the time by the transferee or its officers. This is, of course, a question of fact to be established upon the trial. It would seem, however, that under section 66 of the Stock Corporation Law this transfer was at least voidable in part so far as it was in payment of a note given by the trading company. That section provides:

"No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid."

[3] This contention of the plaintiff does not seem to be answered by the respondent. Moreover, a prima facie case would seem to be made for the setting aside of the transfer in its entirety by reason of fraud as indicated by an inadequate consideration and by the relationships of this attorney with the several corporations. No harm can come from the granting of this injunction until the trial of the action, and the order should be reversed, with $10 costs and disbursements, and the injunction granted upon the plaintiff's giving an undertaking in the sum of $500. Settle order on notice. All concur.