J. H. DENMARK, *et al.*, v. RIDGELL FURNITURE Co., *et al.*

157 So. 489.
Opinion Filed November 14, 1934.

*Kay, Adams, Ragland & Kurz,* for Petitioners;
*Lee Guest,* for Respondents.

PER CURIAM.—This is an application for writ of certiorari and prohibition against the Circuit Court of Duval County to set aside on certiorari, or avoid the effect of on prohibition, that certain order and judgment of the Circuit Court of Duval County in terms as follows:

"In the Circuit Court of the Fourth Judicial Circuit of the State of Florida in and for Duval County. Appeal Case No. 1032.

"Ridgell Furniture Comany, a corporation, Appellant, v. J. H. Denmark and Flossie *Denmark,* Appellees.

"Appeal from the Civil Court of Record of Duval County.

"JUDGMENT.

"This cause coming on to be heard upon the records upon appeal from the Civil Court of Record of Duval County, Florida, and the same having been argued by counsel for the respective parties, and considered by the Court, it appearing that this is an action brought by the plaintiff below, appellant here, against the defendants below, appellees here, wherein in the declaration, the plaintiff is alleged to be a judgment creditor of Denmark Furniture Company, a corporation organized under Chapter 10096, Laws of Florida, 1925, having obtained its judgment upon an open account against said corporation, and the defendants are alleged to be the president and secretary, respectively, of said corpo-.

ration, and directors thereof; that, notwithstanding the fre-
quent requests of said plaintiffs to said corporation to pay
the indebtedness due it, said corporation failed and refused
to pay said indebtedness, caused all accounts receivable to
be transferred from said corporation to one of said defend-
ants for a certain sum in cash and then permitted nearly all
of said cash to be transferred to the other defendant, thereby
leaving the said corporation without any assets to pay the
just indebtedness of the plaintiff to the loss of plaintiff and
in violation of the law; that the cause of action set forth
in the several counts of plaintiff's declaration is apparently
based upon Section 43, of Chapter 10096, Laws of Florida,
1925, which section provides as follows:

"'No corporation which shall have refused to pay any
of its notes or other obligations, when due, in lawful money
of the United States, nor any of its officers, or directors,
shall transfer any of its property to any of its officers, di-
rectors or stockholders, directly or indirectly, for the pay-
ment of any debt, or upon any other consideration than the
full value of the property paid in cash. No conveyance,
assignment or transfer of any property of any such corpo-
ration by it or by any officer, director or stockholder
thereof, nor any payment made, judgment suffered, lien
created or security given by it or by any officer, director or
stockholder when the corporation is insolvent or its in-
solvency is imminent, with the intent of giving a preference
to any particular creditor over other creditors of the corpo-
ration, shall be valid. Every person receiving by means of
any such prohibited act or deed any property of a corpo-
ration shall be bound to account therefor to its creditors or
stockholders. No holder of stock of any corporation not
fully paid shall make any transfer thereof to any person in
contemplation of the corporation's insolvency. Every
transfer or assignment or other act done, in violation of the

foregoing provision of this section shall be void, but no such conveyance, assignment or transfer shall be void in the hands of a purchaser for a valuable consideration without notice. The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation.'

"And it further appearing that this section is like Section 66, of the Stock Corporation Law of the State of New York, and that the law of this State was taken therefrom; that the construction placed upon such law by the highest court of appeal in New York at the time of its enactment here, is adopted here. Duval v. Hunt, 34 Fla. 85, 15 So. 876; that such a cause of action, even though the original indebtedness, afterwards reduced to judgment, was upon an open account of merchandise, might properly be brought under the law aforesaid in a court of law, Caesar v. Bernard, 141 N. Y. Sup. 659, affirmed by the Court of Appeals of New York, 156 N. Y. 724, 103 N. E. 1122, Gray v. Standard Dredging Company, 109 Fla. 87, 111 Fla. 149, 149 So. 733; that the judge of the lower court sustained the demurrer to the declaration solely upon the ground that said cause of action of plaintiff was not within the law above set forth; that such a ruling was erroneous in view of the authority above cited; that the case of Tierney v. J. C. Dowed and Company, 338 N. Y. 282, 144 N. E. 583, relied upon by the lower court, is clearly distinguishable from the case at bar; that the ruling of the lower court upon the ground stated rendered further amendment of the declaration at that time wholly useless and futile; that it does not appear that the lower court considered the other grounds of the demurrer to said declaration; that this cause

should be remanded to the lower court with instructions as hereinafter noted.

"It is thereupon, ordered and adjudged that this case be and the same is, hereby, remanded to said Civil Court of Record of Duval County, Florida, with instructions to set aside the final judgment on demurrer herein and, after hearing, make such ruling upon the demurrer and other pleadings in the court below as it may be advised not inconsistent with this judgment, with leave to the plaintiff in the court below, if said court sustains any attack upon said declaration, to amend its said counts as advised within a certain period of time to be fixed by said court; and that said court proceed further in said cause in accordance with law and in conformity with this judgment.

"Let each party bear its and their costs respectively in the matter of this appeal.

"Let the mandate of this court issue to said Civil Court of Record of Duval County, Florida, in accordance with law, and let accompany said mandate the files of that court sent to this court with this appeal.

"Done and ordered at Jacksonville, Florida, this 19th day of September, A. D. 1934.

"(Signed) GEORGE COUPER GIBBS,
"*Judge.*"

The conclusion of a majority of the Court is that the foregoing opinion of the Circuit Judge correctly decides the law applicable to the petitions now before this Court, and on the authority of the citations and reasoning set forth in the above quoted opinion and judgment of the Circuit Court, the petition for writ of certiorari herein is denied and the proceeding in prohibition is quashed.

Certiorari denied.

Prohibition proceeding quashed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.