EDWARD I. ACKERBAUM, Respondent, v. GRACELYNE FASHIONS, INC., et al., Defendants, and JOROCO SILK CORPORATION, Defendant-Appellant.

Second Department, November 15, 1943.

*Gustave B. Garfield* and *Jacob Meadow* for appellant.

*Herman Mendes* for respondent.

*Per Curiam.* The plaintiff is a judgment creditor of the defendant Gracelyne Fashions, Inc. His judgment, with interest thereon, amounted to $5,027.91, and prior to the commencement of this action execution was returned unsatisfied. The original judgment, by reason of the addition of costs in the present action, has been increased to $5,180.76.

The action is brought pursuant to the provisions of section 15 of the Stock Corporation Law. The plaintiff alleges that on December 15, 1939, Gracelyne Fashions, Inc., refused to pay an obligation on a written guarantee which matured on that day, and payment of which he demanded on that day from the corporation; that on and after that date payments were made to Joroco Silk Corporation, a creditor, in the sum of $11,976.59; that these payments were made by the defendant Weinberg, the president of Gracelyne Fashions, Inc., with intent to prefer Joroco Silk Corporation; that Joroco Silk Corporation knew or had reasonable cause to believe that Gracelyne Fashions, Inc., was insolvent, or that its insolvency was imminent.

Joroco Silk Corporation was accustomed to sell merchandise and advance cash to Gracelyne Fashions, Inc., and to receive as security for the collection of debts thereby created assignments of accounts receivable, either simultaneously or within a day or two thereafter. Of the $11,976.59 collected by Joroco Silk Corporation after December 15, 1939, all but $2,187.76 represented proceeds of accounts assigned before that date. Those payments are not voidable preferences, for the "transfer" was completed at the time of the assignment. (*Marks* v. *Wenzel*, 6 F. Supp. 981, affd. 70 F. 2d 1019.) Nor are those assignments invalid because a short period elapsed between

the advance and the actual assignment. (*Paulding* v. *Chrome Steel Co.,* 94 N. Y. 334; *Black* v. *Ellis,* 197 N. Y. 402.)

The trial court found that prior to December 15, 1939, the defendant Joroco Silk Corporation had reasonable cause to believe that the insolvency of Gracelyne Fashions, Inc., was imminent. This fact was properly inferred from the circumstances. (*Greenwald* v. *Wales,* 174 N. Y. 140.) The assignments made after that date, however, are good to the extent of the new consideration given. The defendant Joroco Silk Corporation is liable only to the extent that there was a diminution of the assets available ratably to creditors. (*Matter of Stern & Co.,* 54 F. 2d 478; *Matters* v. *Manufacturers' Trust Co.,* 54 F. 2d 1010, 1016; *Duncomb* v. *N. Y., H. & N. R. R. Co.,* 84 N. Y. 190; *Kemp* v. *Able Realty Maintenance Co., Inc.,* 174 App. Div. 242.) Joroco Silk Corporation collected $2,187.76 from accounts assigned after December 15, 1939, and gave new consideration totalling $1,757.56. It must, therefore, account to the plaintiff for the sum of $430.20.

The appellant is not entitled to a *pro rata* share of this amount. The action is one in aid of execution, to remove an obstacle to the enforcement of that execution, and is not in the nature of a creditor's bill. (*Creteau* v. *Foote & Thorne Glass Co.,* 54 App. Div. 168; *Whalen* v. *Strong,* 230 App. Div. 617, 621.)

The judgment as against the appellant, Joroco Silk Corporation, should be modified on the law and the facts by reducing it to $430.20, and, as so modified, should be affirmed, with costs to appellant.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and LEWIS, JJ., concur.

Judgment as against appellant, Joroco Silk Corporation, modified on the law and the facts by reducing it to $430.20, and, as so modified, unanimously affirmed, with costs to appellant.