138 So.2d 380 (1962)
JASSON D. RADDING, INC., a Florida Corporation, Appellant,
v.
Elmer COULTER and Rachel Coulter, His Wife, Appellees.
No. 2651.
District Court of Appeal of Florida. Second District.
February 28, 1962.
*381 Kenneth G. Stevens, of Dale & Stevens, Fort Lauderdale, for appellant.
Alfred E. Johnson, Fort Lauderdale, for appellees.
SHANNON, Chief Judge.
The appellant, plaintiff below, brought a creditor's action against the defendants as officers of a corporation and the non-jury trial resulted in a final judgment against it, from which this appeal is taken.
Jasson D. Radding, Inc., the plaintiff, between April 15 and September 8, 1960, sold goods, wares and merchandise to Dukes Wholesale Plumbing Supply Company, Inc., in the amount of $6,942.54. Dukes became insolvent on or about September 27, 1960. Thereafter, according to the appellant's argument, payments were made to various creditors of Dukes, namely, $3,011.75 to Wilton Manors National Bank; $646.05 to Dur-O-Matic Corporation; $325.00 to All State Steel Corporation; and, according to appellant, the sum of $1,175.00 to Elmer Coulter, one of the appellees, as salary. The plaintiff sought to hold the defendants personally liable under Section 608.55, Fla. Stat., F.S.A., the material portions of which read as follows:
"No corporation which shall have refused to pay any of its notes or other obligations when due, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid. * * * The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation."
The appellant complains on the basis of two issues: 1) whether or not the trial court erred in not permitting the plaintiff to recover damages against the officers and directors of a corporation pursuant to the provisions of Section 608.55, Fla. Stat., F.S.A., governing preferential transfers; and 2) whether or not the trial court erred in setting aside the default judgment entered on November 7, 1960.
The record in this case substantiates the assertion that prior to April 15, 1960, when the appellant first became a creditor of the defendant corporation, the latter had made an assignment of its accounts receivable to Wilton Manors National Bank, and it was from these accounts that Appellee Coulter had collected and sent to the bank various payments. He had also sent a payment collected from these accounts receivable to the Dur-O-Matic Corporation. Appellee Coulter also paid from his own personal funds the account of $325.00 to The All State Steel Corporation. The record-on-appeal does not substantiate the statement by the appellant that Coulter received the amount of $1,175.00 as salary from the defendant corporation during this period. Although Coulter testified that he received salary, neither the rate thereof nor the total amount appears in the record.
Section 608.55, Fla. Stat., F.S.A., quoted above, is an adoption of Section 15 *382 of the New York Stock Corporation Law, McK.Consol.Laws, c. 59, which was first enacted by the Florida Legislature in 1925, Chapter 10096, Section 43, Laws of Florida, 1925. In Denmark v. Ridgell Furniture Co., 1934, 117 Fla. 244, 157 So. 489, the Supreme Court held that since Section 608.55, Fla. Stat., F.S.A., was derived from the New York law, the construction placed upon the statute by the highest court of New York at the time of its enactment will be applied by the Florida courts to the statute. New York cases decided subsequent to the adoption of the statute in Florida are persuasive in deciding questions arising in Florida and on which the courts of Florida have not ruled. Williams v. American Crafts, Inc., Fla.App. 1961, 129 So.2d 165. Neither of the parties herein has cited us a Florida case which is directly in point and hence it is to the New York cases that we shall refer. For a general discussion of the subject see 19 A.L.R. 320 and 15A Fletcher Cyclopedia Corporations, Section 7450.
As can be noted, the appellees argue that payments to the bank and to Dur-O-Matic could not be said to be preferential because prior to insolvency the defendant corporation assigned all of its accounts receivable to the bank as collateral security for a loan and the funds paid to the bank and to Dur-O-Matic subsequent to insolvency were amounts collected on these accounts receivable. This position appears to be well taken. In Ackerbaum v. Gracelyne Fashions, 1943, 267 App.Div. 119, 44 N.Y.S.2d 712, the court in deciding a similar question had this to say:
"Joroco Silk Corporation was accustomed to sell merchandise and advance cash to Gracelyne Fashions, Inc., and to receive as security for the collection of debts thereby created assignment of accounts receivable, either simultaneously or within a day or two thereafter. Of the $11,976.59 collected by Joroco Silk Corporation after December 15, 1939, all but $2,187.76 represented proceeds of accounts assigned before that date. Those payments are not voidable preferences, for the `transfer' was completed at the time of the assignment. Marks v. Wenzel, D.C., 6 F. Supp. 981, affirmed, 2 Cir., 70 F.2d 1019. Nor are those assignments invalid because a short period elapsed between the advance and the actual assignment. Paulding v. Chrome Steel Company, 94 N.Y. 334; Black v. Ellis, 197 N.Y. 402, 90 N.E. 958."
We hold that insofar as the bank and Dur-O-Matic Corporation are concerned, there was no preferential payment within the contemplation of Section 608.55, Fla. Stat., F.S.A.
As to the item that was paid to The All State Steel Corporation, the only testimony relative to that payment was given by Coulter to the effect that he paid it from his personal funds. Assuming this testimony to be true, the court in Bielaski v. National City Bank of New York, D.C.S.D.N.Y., 1932, 58 F.2d 657, affirmed 2 Cir., 68 F.2d 723, held, in construing the New York statute, that as the payment came from the officer's personal funds there could be no depletion of the bankrupt estate and therefore no preference. Cf. Mason v. National Herkimer County Bank, C.C.A.2, 1909, 172 F. 529, affirmed 225 U.S. 178, 32 S.Ct. 633, 56 L.Ed. 1042, wherein a similar situation obtained in a construction of the federal Bankruptcy Act (11 U.S.C.A. § 1 et seq.). We conclude that in order for a transfer of property or a payment of funds to be deemed preferential under Section 608.55, Fla. Stat., F.S.A., it must be such as would diminish the corporate assets available to creditors. We cannot say that such was the situation in the instant case.
This litigation was commenced by filing the complaint on October 14, 1960, after which a default judgment was taken against all parties defendant. On motion to stay execution and to vacate the default and final judgment which was entered on November 7, 1960, the trial court on December *383 28, 1960, after a hearing, entered its order setting aside the default judgment as to the defendants, the Coulters, and granting them five days in which to answer. The Coulters' motion was filed on November 17, 1960. With this motion was filed Coulter's affidavit that he was ill and was confined to a hospital from October 29 to November 7, and that he had a meritorious defense to the action.
Appellant insists that the trial judge exceeded his discretionary power in vacating the default judgment that was entered against the Coulters. We hold, however, by authority of the rule laid down by the Supreme Court in Chaney v. Headley, Fla. 1956, 90 So.2d 297, that there was no abuse of discretion on the part of the trial judge in the instant case in causing the default to be vacated.
The final judgment appealed from is, therefore, affirmed.
KANNER and SMITH, JJ., concur.