CRANE COMPANY, Appellant,

v.

RICHARDSON CONSTRUCTION COMPANY, Bahamas Ltd., et al., Appellees.

No. 19525.

United States Court of Appeals Fifth Circuit.

Jan. 9, 1963.

John L. Britton, Feibelman, Friedman, Hyman & Durant, Fort Lauderdale, Fla., for appellant.

Frank M. Hamilton, Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for appellees.

Before RIVES, CAMERON and BELL, Circuit Judges.

RIVES, Circuit Judge.

The only question presented for decision is whether the provisions of Florida Statutes § 608.55, F.S.A.[1] apply to a foreign corporation and to the officers and directors of a foreign corporation while such corporation is engaged in business in the State of Florida. We agree with the district court that they do not.

The appellant Crane Company sought to recover the sums due it by the appellee Bahamian corporation from appellee E. J. Richardson, by virtue of the fact that Richardson, while he was an officer of the Bahamian corporation and while that corporation was failing to meet its obligations, had been repaid loans of money made by him to the Bahamian corporation. The appellant insists that

[1]. In pertinent part:

"No corporation which shall have refused to pay any of its notes or other obligations when due, nor any of its officers or directors, shall transfer any of its property, to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. * * * The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally *liable to the creditors and stockholders* of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation." 18 F.S.A. § 608.55, pp. 224, 225.

Richardson thus became personally liable to appellant by virtue of the provisions of Florida Statute, § 608.55, F.S.A. The district court, after hearing the evidence, entered its findings and conclusions, ruled that the provisions of the Florida Statute, § 608.55, F.S.A. were not applicable to a foreign corporation, and accordingly entered judgment for defendant Richardson.

Florida Statute, § 608.55, F.S.A. (without some later amendments not here material) was first enacted by the Florida Legislature in 1925.[2] It was adopted almost entirely from the New York Stock Corporation Law enacted by the Legislature of New York in 1893. In 1894, the Court of Appeals for the State of New York, in Vanderpoel v. Gorman, 140 N.Y. 563, 35 N.E. 932, 24 L.R.A. 548, construed the New York statute as being limited to domestic corporations. Thereafter, in 1897, long before the enactment of the Florida statute, the New York Legislature, by Section 114, Article 11, provided expressly that the New York statute should apply to foreign stock corporations transacting or doing business in the State of New York. See Irving Trust Co. v. Maryland Casualty Co., 2 Cir., 1936, 83 F.2d 168, 170, 111 A.L.R. 781, footnote. The earlier, but not the later, New York statute was adopted by the Florida Legislature.

■ The Supreme Court of Florida has applied to this particular Florida statute the familiar rule that it is governed by the construction placed upon it at the time of its enactment by the highest court of the state from which the statute was adopted. Denmark v. Ridgell Furniture Co., 1934, 117 Fla. 244, 157 So. 489; see also Williams v. American Crafts, Inc., D.C.App.Fla., 3rd Dist., 1961, 129 So.2d 165, 168.

■ The Supreme Court of Florida has also held that when the legislature adopts only a portion of an existing statute of another state, it creates a strong presumption of legislative intention to omit from Florida law that portion of the other state statute not adopted. Peterman v. Floriland Farms, Inc., 1961, 131 So.2d 479, 480. Without more, it would appear that Section 608.55 of the Florida Statutes does not apply to a foreign corporation.

The history of the Florida statute is equally compelling. As stated, it was originally enacted in 1925. With a number of amendments, the statute has remained on the books. It obtained its present identity, Section 608.55, by virtue of the Florida Laws of 1953, c. 28170, Sec. 1. Prior thereto it was known as Section 612.45, Florida Statutes. Chapter 612 was repealed by the 1953 Legislature, the sections thereof being consolidated into new Chapter 608. Old Section 612.01, Florida Statutes, reveals that Chapter 612, including Section 612.45, was limited in its application to domestic corporations. See 18 F.S.A. p. 270.

The appellant Crane Company insists, however, that the decision of the Court of Appeals of New York in Vanderpoel v. Gorman, supra, does not apply, because the rationale of that case is in conflict with the provisions of the Florida Statute, § 613.02, F.S.A.[3] That section does not, however, make foreign corporations subject to the same penalties, obligations, liabilities and restrictions as domestic corporations,[4] nor does it provide

2. Florida Laws, 1925, c. 10096, Section 43.

3. In pertinent part:
   "613.02 *Issuing permit to transact business in the state*
   "(1) * * * the secretary of state shall, if the objects of the corporation are such as are not prohibited by the laws of the state, issue a permit allowing such corporation to transact business in this state, and such corporation shall thereupon be empowered to exercise all and be

limited to the same rights, powers and privileges as like corporations organized under the laws of this state * * *."

4. The authority and cases relied upon by appellant are distinguishable on that ground. See 23 Am.Jur., Foreign Corporations, Sections 313, 314; Friend & Company v. Goldsmith and S. Company, 1923, 307 Ill. 45, 138 N.E. 185; Floyd v. National Loan & Investment Co., 1901, 49 W. Va. 327, 38 S.E. 653, 54 L.R.A. 536.

for any personal liability of officers and directors.

No Florida case has been cited to justify appellant's position that Florida Statute, § 613.02, F.S.A. would authorize the district court to disregard the clear and explicit language of the New York and Florida courts and the history of Section 608.55, all of which lead to the inevitable conclusion that Section 608.55 applies only to domestic corporations.

Accordingly, the judgment of the district court is

Affirmed.