182 So.2d 50 (1966)
Irving L. ALBERTS, Neil T. Magoon, Sonja Alberts Heiden, and Herbert L. Kaplan, Appellants,
v.
Sylvia SCHNEIDERMAN, Appellee.
No. 65-393.
District Court of Appeal of Florida. Third District.
January 18, 1966.
Rehearing Denied February 14, 1966.
*51 Kaplan & Shapiro, Miami Beach, for appellants.
Abraham H. Shukat, Miami Beach, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
This action seeks review of a summary final judgment, which arises out of the following facts which appear of record.
Some time prior to August, 1961, the appellee became possessed of two debenture bonds, payment of which was assumed on August 29, 1961 by Bowling Corporation of Eau Gallie, Inc., and that said bonds were not paid at maturity. The cause of action was instituted against the corporation, which resulted in a judgment dated January 2, 1964 in favor of the appellee for the amount of the bonds, plus interest, etc., for a total of $9,711.26. The execution against the corporation was issued on this judgment and returned nolla bona. Said judgment has not been discharged nor satisfied, except to the extent of $1,800.00 and, as of February 23, 1965, there was a balance due the appellee of $8,597.42.
During 1963, at a time when the corporation was obligated to pay the debenture bonds, it borrowed $12,000.00 from the Bank of Miami Beach which note was endorsed by the appellant, Alberts, as an accommodation endorser. Alberts was an officer and director of the corporation and, notwithstanding a demand by the appellee for the payments of her bonds and refusal by the corporation, it proceeded to pay a total sum of $8,585.63. on the note to the bank, [which was endorsed by the appellant, Alberts] between November, 1963 and April 6, 1964.
The instant action was commenced by the appellee subsequent to April 1964, seeking damages pursuant to the provisions of § 608.55, Fla. Stat., F.S.A., against the appellant, Alberts, and others, alleging a violation of the provisions of the aforesaid statute. Subsequent to the case becoming at issue, motion for summary judgment was made and granted, resulting in the summary final judgment here under review.
§ 608.55 Fla. Stat., F.S.A., reads as follows:
"Prohibited transfers to officers or stockholders; transfers after or in contemplation of insolvency.  No corporation which shall have refused to pay any of its notes or other obligations when due, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No *52 conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid. Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders. No holder of stock not fully paid in any corporation shall transfer it to any person in contemplation of the corporation's insolvency. Every transfer or assignment or other act done in violation of the foregoing provision of this section shall be void except in the hands of a purchaser for a valuable consideration without notice. The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation."
The appellants contend that in order to recover under the last sentence of this section, it is necessary that the plaintiff prove insolvency of the debtor corporation, or that it was in danger of immediate insolvency, plus a preferential treatment before a director or officer may be held liable. The appellee responds that the first sentence of the section permits recovery after the corporate debtor has refused to pay an obligation, by demonstrating that after such refusal the corporation either directly or indirectly benefited an officer or director by discharging an obligation. We agree with the position of the appellee. It appears that the first sentence relates to one situation wherein an officer or director may be personally liable and does not require, as a condition to liability, insolvency or imminent danger of insolvency, or preference. But, recovery under the second sentence would require these conditions. It is apparent that under the former situation the corporation, upon refusal to pay an obligation, has actual knowledge of said claim at the time it makes the payment to its debtors which benefit an officer or director. Whereas, under the second sentence it might not necessarily have such knowledge. Therefore, it would be reasonable to require a creditor under the latter position to establish the matters of insolvency or preference.
Both counsel agree that this statute had its origin in the State of New York and that, in construing the statute, the court could take into consideration statutory interpretation in that State. See: Denmark v. Ridgell Furniture Co., 117 Fla. 244, 157 So. 489; Farley v. Collins, Fla. 1962, 146 So.2d 366. The New York courts have clearly recognized the divisibility of the statute and that liability may exist under the first sentence when it doesn't under the second. See: Throop v. Hatch Lithographic Co., 125 N.Y. 530, 26 N.E. 742; Jones v. Blun, 145 N.Y. 333, 39 N.E. 954. It has been held that the discharge of an endorser of a corporate note is a transfer covered by the first sentence of this section. See: Irving Trust Company v. Manufacturers' Trust Co., S.D. New York, 1934, 6 F. Supp. 185; Arnold v. Knapp, 75 W. Va. 804, 84 S.E. 895. It is obvious that the discharge of the corporation obligation, upon which the appellant, Alberts, was individually liable, was at least an indirect benefit to him if not a direct benefit.
Therefore, for the reasons stated, the summary final judgment here under review is hereby affirmed.
Affirmed.