413 So.2d 79 (1982)
C.C. TOMLIN, Jr., Appellant,
v.
Carolyn ANDERSON and Quail Hollow Investments, Inc., Appellees.
No. 80-993.
District Court of Appeal of Florida, Fifth District.
March 31, 1982.
Rehearing Denied April 29, 1982.
*81 R.L. Russell of Van Den Berg, Gay & Burke, P.A., Orlando, for appellant.
Daniel Joy of Johnson & Joy, P.A., Sarasota, for appellees.
COWART, Judge.
In 1971 or 1972 when appellant and two other persons each owned one-third of the stock in the corporation Quail Hollow Investments, Inc., the stockholders by agreement made entries on the corporate books to reflect, on the asset side, $60,000 notes receivable from each stockholder and balanced those entries by showing an increase of $180,000 in paid-in capital. These were but book entries and were made to make the corporation's balance sheet look stronger and to facilitate the distribution of anticipated corporate profits to the stockholders and its return to the corporation as capital with a minimum of tax burden, it being agreed and understood that the "notes" would be payable only from distributed corporate profits. No actual promissory notes were executed and no corporate stock or other evidence of a capital interest in the corporation was issued. However, the corporation did not profit, and sometime in the latter part of 1974 the bookkeeping entries were reversed, the notes receivable entries cancelled and the corporate capital likewise reduced, and those plans and actions were forgotten.
In 1978, appellee Anderson obtained a judgment against the corporation. A court appointed receiver for the corporation, examining the corporate records, discovered the tattletale bookkeeping entries and the judgment creditor, Anderson, garnished appellant, attempting to receive payment of appellant's "note" obligation to Quail Hollow. Appellant's answer to the writ of garnishment denied any indebtedness to the corporation and the matter was tried. The trial court held that the transaction cancelling appellant's "note" obligation to the corporation was void as being in violation of section 608.55, Florida Statutes (1975), either because it constituted a transfer of corporate property to a stockholder for the payment of debt after the corporation had refused to pay an obligation due, or because it constituted a transfer with the intent of giving a preference to appellant as a creditor when the corporation was insolvent or its insolvency was imminent. Alternatively, the cancellation was held to be void because the cancellation transaction was a distribution to stockholders that reduced corporate capital assets below corporate liabilities contrary to section 608.18(6), Florida Statutes (1975). Final judgment against appellant was entered in favor of the judgment creditor and this appeal followed.
The first sentence in section 608.55, Florida Statutes (1975), prohibits the transfer of property to an officer, director or stockholder by a corporation "which shall have refused to pay any of its notes or other obligations when due." Evidence of this actual refusal by the corporation to pay its obligations is essential before a transaction may be voided under this statute. Headley v. Pelham, 366 So.2d 60 (Fla.1st DCA 1978); Venice East, Inc. v. Manno, 186 So.2d 71 (Fla.2d DCA 1966). There was no evidence that Quail Hollow had refused to pay any of its debts or obligations when due. The only evidence of the financial situation of the corporation was that, at the time of the cancellation transaction, the corporation's liabilities exceeded its assets. Therefore, the cancellation transaction could not be voided under the first sentence of section 608.55.
The second sentence of section 608.55 prohibits conveyances, assignments or transfers of property which have the effect of creating a preference in a particular *82 creditor by a corporation "when the corporation is insolvent or its insolvency is imminent." Proof of the insolvency or imminent insolvency of the corporation is essential to void a transaction under this portion of the statute.[1]James Talcott, Inc. v. Crown Industries, Inc., 323 So.2d 311 (Fla.2d DCA 1975); Williams v. American Crafts, Inc., 129 So.2d 165 (Fla.3d DCA 1961); accord, Ryder Truck Rental, Inc. v. Missouri Beef Packers, Inc., 358 So.2d 103 (Fla.3d DCA 1978). In this case, there was testimony from the court appointed receiver that at the time of the cancellation transaction the corporation's liabilities exceeded its assets. Thus, insolvency in the strict bookkeeping sense was shown. However, this has been held insufficient, as the courts have interpreted "insolvency" to refer to insolvency in the equity sense, i.e., the inability of the corporation to meet its debts in the ordinary course of business. "The test of insolvency under this statute is not whether the books show an excess of liabilities over assets, but rather whether the corporation has a general inability to answer in the course of business the liabilities existing and capable of being enforced." James Talcott, Inc., 323 So.2d at 314; accord, Williams v. American Crafts, Inc., 129 So.2d at 168.
Section 608.18(6), Florida Statutes (1975), in effect provides that no reduction in capital involving any distribution among stockholders shall be made which reduces the assets of the corporation below the amount of its liabilities including capital as reduced. Since the court appointed receiver's testimony was that, at the time of the cancellation transaction, the corporation's liabilities had already exceeded the corporation's assets, the cancellation transaction could not have been the event which reduced the assets of the corporation below the amount of its liabilities.
However, even assuming the cancellation transaction was illegal under this statute, the transaction was merely voidable by creditors of the corporation and, until the cancellation was voided by judicial determination, it was effective to cancel the debt and appellant had no liability to the corporation. The garnishment statute, section 77.01, Florida Statutes (1979), allows garnishment only of "any debt due to defendant by a third person." Under this statute, a debt, to be subject to garnishment, must be due absolute and without contingency. Cobb v. Walker, 144 Fla. 600, 198 So. 324 (1940). "If there is anything contingent or to be done by a person before the liability of another becomes fixed, there is not such an `indebtedness due' as contemplated by the statute to which a writ of garnishment can apply." West Florida Grocery Co. v. Teutonia Fire Insurance Co., 74 Fla. 220, 77 So. 209 (1917). See also 13 Fla.Jur.2d Creditors' Rights and Remedies § 96 (1979). At the time of the service of the writ of garnishment, the cancellation transaction had not been voided; therefore, appellant did not then owe a debt that was due and that could be enforced by garnishment.
An additional basis for the result in this case is that the record shows without any dispute that the "note indebtedness" or "bookkeeping entries" were in fact "bogus" transactions. There was no consideration for them,[2] and the garnishee (appellant) denied he owed the corporation anything. Clearly the garnishee (appellant) can raise in defending a garnishment suit, any defenses he has or would have against the principal debtor (Quail Hollow).[3] Since appellant established in this case that the debt sought to be garnished was invalid or unenforceable by Quail Hollow because of lack *83 of consideration, there was no "debt due"[4] to Quail Hollow, and there was therefore nothing to be garnished.
In coming to our conclusion that this case must be reversed, we do not rely upon the affirmative defenses asserted by appellant relating to the statute of limitations, the fact that appellant's indebtedness to the corporation was to be paid only from a distribution of corporate profits or appellant's asserted rights of setoff against any obligation appellant may owe to the corporation. Accordingly, we are not required to determine whether such affirmative defenses were waived because they were not specifically pled as required by Florida Rule of Civil Procedure 1.110(d) or whether such affirmative defenses should have been considered, although not pleaded, because garnishment proceedings constitute "special statutory proceedings" to which the Florida Rules of Civil Procedure do not apply by virtue of Florida Rule of Civil Procedure 1.010.
For the reasons given above, the entry of the final judgment on the writ of garnishment was improper, the final judgment is accordingly reversed and the writ of garnishment is dismissed.
SHARP, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
In 1973, Quail Hollow sold some property that was jointly owned by Quail Hollow and Anderson, but Quail Hollow did not inform Anderson of the sale.
In 1974, Quail Hollow had liabilities that exceeded its assets and it still had not given Anderson her half of the proceeds from the 1973 property sale. While in that financial situation, Quail Hollow made some bookkeeping entries that discharged notes receivable from the three stockholders, including a $60,000 note from Tomlin.
In 1978, Anderson finally got a judgment against Quail Hollow. In the following garnishment proceeding, Anderson had the discharge of Tomlin's note to Quail Hollow set aside pursuant to sections 608.55 and 608.18(6), Florida Statutes (1973),[1] so that Anderson could garnish the debt.
*84 With this evidence before it, the trial court had competent substantial evidence on which to base its decision that the bookkeeping transactions were done in violation of sections 608.55 and 608.18(6), Florida Statutes (1973), and were therefore void.
I would affirm.
NOTES
[1] The differing proof requirements between the first and second sentences of this statute were discussed in Alberts v. Schneiderman, 182 So.2d 50 (Fla. 3d DCA 1966).
[2] See § 673.408, Fla. Stat. (1979).
[3] Blatch v. Wesley, 238 So.2d 308 (Fla. 3d DCA 1970); see Thompson v. Commercial Union Ins. Co. of N.Y., 267 So.2d 18 (Fla. 1st DCA), cert. denied, 271 So.2d 461 (Fla. 1972); 13 Fla.Jur.2d Creditors' Rights and Remedies, §§ 82, 150 (1979).
[4] § 77.01, Fla. Stat. (1979).
[1] Section 608.18(6), Florida Statutes (1973), provides:

Every reduction in capital involving any distribution among stockholders shall specify the method of such distribution and said distribution shall be made in accordance with the provisions of the certificate of incorporation designating the rights, preferences and restrictions of the respective kinds, classes or series of stock. No such distribution shall be made which would reduce the assets of the corporation below the amount of its liabilities including capital as reduced.
Section 608.55, Florida Statutes (1973), provides:
Prohibited transfers to officers or stockholders; transfers after or in contemplation of insolvency.  No corporation which shall have refused to pay any of its notes or other obligations when due, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except as to any rights or interests which may be acquired thereunder by any person for a valuable consideration and without notice or reasonable cause to believe that such conveyance, assignment, transfer, payment, judgment, lien or security would effect a preference. Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders. No holder of stock not fully paid in any corporation shall transfer it to any person in contemplation of the corporation's insolvency. Every transfer or assignment or other act done in violation of the foregoing provision of this section shall be void except as herein before provided. The directors or officers of a corporation who shall violate or be concerned in violating any provision of this section shall be personally liable to the creditors and stockholders of the corporation of which they shall be directors or officers to the full extent of any loss such creditors and stockholders may respectively sustain by such violation.