## ALFERT, et al. v DIVISION OF REAL ESTATE
### Case No. 88-0857F
State of Florida, Division of Administrative Hearings
August 1, 1988

### APPEARANCES OF COUNSEL

**Harold M. Braxton,** for petitioner.
**Arthur R. Shell, Jr.,** for respondent.

### OPINION OF THE COURT

DONALD R. ALEXANDER, Hearing Officer.

### *FINAL ORDER*

Pursuant to notice, the above matter was heard before the Division of Administrative Hearings by its duly designated Hearing Officer, Donald R. Alexander, on July 11, 1988, in Miami, Florida.

### *BACKGROUND*

By petition filed on February 25, 1988, petitioners, Ramiro J. Alfert

and Toledo Realty, Inc., requested an award of attorney's fees and costs pursuant to Section 57.111, Florida Statutes (1987). The petition was filed after respondent, Division of Real Estate, entered a Final Order on January 27, 1988 in Case No. 87-3189 dismissing with prejudice an administrative complaint filed against petitioners for allegedly violating Chapter 475, Florida Statutes (1985).

By notice of hearing dated April 1, 1988, a final hearing on the petition was scheduled on April 27, 1988 in Miami, Florida. At the request of petitioners, the matter was rescheduled to June 15, 1988. Respondent's motion to continue was granted and the final hearing was rescheduled to July 11, 1988 at the same location. At hearing, petitioner Alfert testified on his own behalf. In addition, petitioners presented the testimony of Alberto Daire, president and owner of Toledo Realty, Inc., and Harold M. Braxton, their counsel. They also offered petitioners' exhibits 1-5 and 7-9. All exhibits were received in evidence. Respondent presented the testimony of Arthur R. Shell, Jr., and offered respondent's exhibits 1-4. All exhibits were received in evidence except exhibit 3 upon which a ruling was reserved.

This order has been prepared without the benefit of a transcript of hearing or proposed findings of fact and conclusions of law and is based on the undersigned's notes and recollection of testimony taken at hearing.

The issues are whether petitioners are prevailing small business parties, whether the fees and costs requested by petitioners are reasonable and necessary, and whether respondent was substantially justified in initiating its complaint or whether other special circumstances exist which would make an award of fees and costs unjust.

Based upon all of the evidence, the following findings of fact are determined:

## FINDINGS OF FACT

A. *Introduction*

1. Petitioner, Toledo Realty, Inc. (TRI), is a corporation engaged in the real estate business in Miami, Florida. It holds a corporate broker's license issued by respondent, Division of Real Estate (Division). Petitioner, Ramiro J. Alfert (Alfert), is a licensed real estate broker employed by TRI.

2. On June 24, 1987 the Division issued an administrative complaint against petitioners alleging they had violated certain provisions within Chapter 475, Florida Statutes. The case eventually came on for final hearing, and after a one day trial was conducted, the undersigned

issued a Recommended Order on December 7, 1987 recommending that all charges be dismissed. No exceptions to the Recommended Order were filed by Division counsel, and the Division entered a Final Order on January 27, 1988 adopting all findings of fact and conclusions of law and dismissing the complaint. Therefore, petitioners were the prevailing parties in that action. Petitioners thereafter timely filed their request for attorney's fees and costs pursuant to Section 57.111, Florida Statutes (1987). This proceeding followed.

B. *Probable Cause Phase*

3. The transcript of the meeting at which the probable cause panel considered initiating the above action was not introduced into evidence. Therefore, the record is silent as to what information (oral or written), if any, the panel considered in making its decision to find probable cause. Although the report compiled by the Division investigator is a part of this record, there is no evidence that the panel read or considered it before making its decision.

C. *Small Business Party?*

4. Petitioner Alfert is an employee of TRI. He has no ownership in the business. His net worth was less than $2 million in June, 1987.

5. Petitioner TRI is a corporation engaged in the real estate business with offices located in Miami, Florida. According to the unrefuted testimony of its owner, the net worth of TRI was less than $500,000 when the Division initiated its complaint. This amount is based upon the owner's estimated valuation of the corporation's goodwill, equipment and furniture, the firm's only assets.

6. Although Division records regarding registration were not introduced into evidence, petitioners agreed at hearing that approximately 75 to 80 real estate salesmen and brokers had their licenses registered with TRI during the pendency of Case No. 87-3189. Of that number, TRI considered only 20 or 21 to be full-time employees while the remainder were considered part-time. This was not refuted. At hearing, TRI's broker identified TRI's full-time employees from a complete list of all licensees registered with the firm. The broker defined a full-time employee as one who works at least one regular shift of four hours each week in the office and who has no second job. All other employees are considered part-time. All salesmen, both full and part-time, receive the same compensation (80 percent of the commission) and sign the same employment agreement.

D. *Reasonableness of Fees and Costs*

7. Petitioners seek $12,239.60 as reimbursement for attorney's fees

250

and costs incurred in defending against the Division's action. This amount includes $1,539.77 for costs while the remainder are attorney's fees. All fees and costs are itemized in petitioners' composite exhibit 1 except for a $2,000 nonrefundable retainer charged by counsel at the inception of the engagement.

8. On June 30, 1987, petitioner TRI entered into an employment contract with Harold M. Braxton, Esquire, an attorney with eight years of experience in professional licensing disciplinary matters and who has handled well over 100 cases of this nature. Although the employment contract was entered into between TRI and Braxton, Alfert came along "for a free ride" since his employer was defending the same action and the addition of Alfert meant no more or less work on the part of counsel. Under the contract, Braxton was given a nonrefundable $2,000 retainer and was compensated at the rate of $200 per hour. The requested fees (except the $2,000 retainer) are the product of multiplying the total number of hours expended on the case times the hourly rate of $200.

9. Braxton began active representation of his clients in July, 1987 and thereafter prepared handwritten time sheets in July, August and September, 1987 which detailed the type of work performed on the case and the amount of time expended. Beginning on October 1, 1987 his office switched to computer billing. Under that procedure, Braxton initially continued to prepare daily written timesheets from which a description of work and time expended was entered into the computer. At the end of each month, the written timesheets were cross-checked with the computer printout to verify the accuracy of the computer records. Once the accuracy of the computer billing was established, Braxton discontinued using written timesheets.

10. To substantiate the reasonableness of the fees and costs, petitioners provided the deposition testimony of William M. Furlow, Esquire, a Tallahassee attorney with eight years of experience in prosecuting and defending this type of case. Although Furlow charges only $150 per hour, he pointed out that fees are generally lower in Tallahassee than in Miami. In addition, Furlow charges a higher initial retainer than Braxton. Based upon his review of the complaint, billing records, investigative file and pleadings, Furlow concluded that Braxton's fees were reasonable, given the nature and complexity of the case.

11. The Division challenged the amount of fees through the testimony of David M. Lazan, Esquire, a Bay Harbor Island (Dade County) attorney. Although Lazan has maintained a civil practice in the Miami area for 21 years, he has handled only approximately five

Department of Professional Regulation cases during this time period, with none going to hearing. Lazan did not dispute the reasonableness of Braxton's hourly rate of $200. Also, he did not suggest a different amount of billable hours that Braxton should have charged or the number of hours he (Lazan) would have expended to handle the case. Instead, Lazan contended he could not determine the reasonableness of the number of hours expended by Braxton for each service until he reviewed the underlying documentation. But, the Division made no effort to obtain the underlying documentation for its witness, and Lazan conceded that, if records were available that corroborated the computer records, he would have no problem with the amount of time expended.

12. Given the nature of Furlow's experience and expertise in the area of administrative law, it is found that Furlow's testimony is more persuasive and credible than that of Lazan and that the requested fees and costs are reasonable and necessary.

### CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction of the subject matter and the parties thereto pursuant to Section 57.111 and Subsection 120.57(1), Florida Statutes (1987).

2. Respondent's exhibit 3 is received in evidence.

3. In this proceeding, the parties agree only that petitioners prevailed in Case No. 87-3189. Therefore, a number of matters remain in dispute. First, the Division contends that neither TRI or Alfert are small business parties within the meaning of the law. Secondly, the Division contests the reasonableness of the fees and costs requested by petitioners. Finally, the parties are in disagreement as to whether the Division was substantially justified in initiating this action.

4. Under well-established principles of allocation of proof, petitioners bear the burden of showing that they are prevailing small business parties within the meaning of the law, and that the requested fees and costs, which cannot exceed $15,000, are reasonable and necessary. This burden having been met, respondent must then demonstrate that it was "substantially justified" in initiating the administrative complaint against petitioners, and as a corollary, that the requested fees and costs are not reasonable or necessary. In both instance, the moving party must establish its proof by a preponderance of evidence, which is the appropriate standard in conventional regulatory proceedings.[1]

---

[1] Petitioners' contention that the parties must establish their proof by clear and

5. Subsection 57.111(3)(d)1., Florida Statutes (1987), defines the term "small business party" as follows:

(d) The term "small business party" means:

1.a. A sole proprietor of an unincorporated business, including a professional practice, whose principal office is in this state, who is domiciled in this state, and whose business or professional practice has, at the time the action is initiated by a state agency, not more than 25 full-time employees or a net worth of not more than $2 million, including both personal and business investments; or

b. A partnership or corporation, including a professional practice, which has its principal office in this state and has at the time the action is initiated by a state agency not more than 25 full-time employees or a net worth of not more than $2 million; . . .

6. Alfert, who is an employee-licensee of a licensed and incorporated real estate firm, contends he is a small business party under the foregoing statute. Since he is not a sole proprietor of an unincorporated business, a partnership or a corporation, he must establish eligibility under some other theory. Alfert has not cited any particular theory or specific authority but apparently relies upon the rationale espoused in *McCallister v Department of State, Division of Licensing,* 9 FALR 4064 (DOAH, June 15, 1987).[2] In *McCallister,* the licensee-petitioner was an employee of an entity known as McCallister Polygraph Services, Inc., a corporation which met the size and net worth requirements of the law. However, the regulatory agency had brought an action against McCallister individually and not against his corporation. After prevailing in the action, McCallister sought recovery of attorney's fees and costs. At issue in that case was whether an *employee* of a sole proprietor, partnership or corporation could qualify as a small business party. After making an analysis of the law, and relying on several general principles of statutory construction, the Hearing Officer resolve the question in McCallister's favor and concluded that the term "including a professional practice" should be construed to encompass an individual licensee (professional) who, as an employee, was engaged in the practice of his profession. Put another way, *McCallister* standards for the proposition that any "salaried employee" who is engaged

convincing evidence is rejected. That standard applies only in license revocation proceedings. *Ferris v Turlington,* 510 So.2d 292 (Fla. 1987).

[2] At hearing, counsel simply referred to the "McCallister decision" without giving a full citation of authority. The undersigned assumes counsel was referring to the above case.

in his profession is a small business party for the purposes of the law. *Id.* at 4069.

7. Whether the statute is reasonably susceptible to the above interpretation is debatable. Initially, it is noted that the Florida Equal Access to Justice Act (FEAJA) is intended to provide a cause of action for "small business" parties who are subjected to unjustified legal action by a state agency. To this end, Subparagraph (d)1. identifies three specific categories of eligible claimants: (1) a sole proprietor of an unincorporated business, (2) a partnership, and (3) a corporation. These categories are plan and unambiguous and convey a clear and definite meaning. In view of this, there is no need to resort to the rules of statutory construction. Indeed, under these circumstances, it would be improper to construe an unambiguous statute in a way which would extend its express terms. See, e.g., *Holly v Auld,* 450 So.2d 217 (Fla. 1984). Secondly, because employees are omitted from the enumerated categories of claimants, the statute ordinarily should be construed to exclude from its operation that category of claimant not expressly mentioned. *Bergh v Stephens,* 175 So.2d 787 (Fla. 4th DCA 1965). Finally, the Federal Equal Access to Justice Act (5 U.S.C. 504), upon which the state FEAJA is patterned, provides that the "prevailing party other than the United States" may seek recovery of "fees and other expenses." A "party" is defined as both an "individual" and an "owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization." Thus, unlike Section 57.111, the federal law allows a prevailing employee to recover fees and other expenses. By adopting only a portion of the federal statute, there is a strong presumption of legislative intent to omit from Florida law that portion of the federal act not adopted. *Crane Company v Richardson Construction Company,* 312 F.2d 269 (5th Cir. 1963). Therefore, it is concluded that *McCallister* is either distinguishable from the facts herein or is founded on an erroneous construction of the law. Since Alfert does not fall within one of the three designated statutory classes, he is not a small business party eligible to recover attorney's fees and costs under Section 57.111, Florida Statutes (1987).

8. Petitioner TRI is another matter. Unrefuted testimony established that it was a corporation with a net worth of less than $2 million when the action was initiated. The more persuasive evidence also supports a conclusion that it then had less than 25 full-time employees. This conclusion is based on the accepted testimony of witness Alfert that, although some 75 or 80 licensees were registered with the firm, less than 25 were classified as full-time employees. Therefore, it is concluded that TRI is a small business party.

254

9. The parties have agreed that petitioner TRI prevailed in the action before the Division.

10. The next issue is whether the Division was substantially justified in initiating an action against TRI. To resolve this issue, and because the statutory scheme in Section 455.225, Florida Statutes (1987) applies, it is necessary to review the action of the probable cause panel which determined that a complaint should be filed. See, for example, *Romaguera v Board of Medical Examiners,* Case No. 8703604F (DOAH, Final Order dated January 4, 1988). In the case at bar, there is no record evidence of what the panel heard, read or considered. Although an investigative report has been made a part of this record, there is no evidence that it was reviewed or considered by the panel before a finding of probable cause was made. Thus, the record is silent as to whether a "meaningful" inquiry was conducted by the panel as required by law. *Kibler v Department of Professional Regulation,* 418 So.2d 1081 (Fla. 4th DCA 1982). This being so, it is concluded that the Division has failed to establish that the probable cause panel was substantially justified in initiating Case No. 87.3189.[3] It has also failed to show whether other special circumstances exist which would make an award of fees and costs unjust.

11. Finally, the reasonableness and necessity of the requested fees and costs have been questioned. The more credible and persuasive evidence supports a conclusion that the fees and costs were both reasonable in amount and necessary. Since the record shows that counsel would have expended the same amount of time and effort in defending TRI alone, TRI is entitled to the requested amount of $12,239.60 without proration.

Based on the foregoing findings of fact and conclusions of law, it is

ORDERED that TRI's petition for attorney's fees and costs be GRANTED and the Division of Real Estate pay petitioner TRI $12,239.60 within thirty days from the date of this order as required by Subsection 57.111(5), Florida Statutes (1987). The claim of petitioner Alfert is DENIED.

---

[3] The opinion testimony of witness Furlow and excluded testimony of witness Lazan on this issue are clearly irrelevant. It is the transcript of the meeting itself that provides the only way of deciding whether the panel made a meaningful determination of probable cause as required by law. If extrinsic evidence on this issue were allowed, it would render meaningless the requirement that the meetings be recorded. See, for example, *Department of Professional Regulation, Board of Dentistry v Rindley,* DOAH Case Nos. 82-2588, 82-2589, 82-2590 and 82-2833 (Order of Dismissal dated April 15, 1983); *Department of Professional Regulation, Board of Dentistry v Walker,* DOAH Case No. 82-2281 (Order of Dismissal dated December 9, 1982).

DONE AND ORDERED this 1st day of August, 1988, in Tallahassee, Leon County, Florida.